### JOHN T. CONNOLLY *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Norfolk.   November 17, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Crossing at Station — Negligence of Defendant.*

In an action against a railroad for personal injuries it appeared in evidence that at the place of injury, a station, there were two tracks. The plaintiff having been travelling from Boston on the westerly and outward track alighted on the easterly side, between the two tracks, and started to cross the easterly track, when he was run down by an incoming train. On the side toward which the plaintiff was going were the station and a flight of steps leading in the direction of the plaintiff's home. On the westerly side was a long platform opposite the station, extending to the highway. The gates at the end of the plaintiff's car were open

on both sides. The plaintiff knew the premises, and walked back through the train to this car to cross the track, as others were in the habit of doing. He testified that, as he was going down the steps, he looked around and did not see anything; but it appeared that if he had looked before going upon the eastern track he could not have failed to see the approaching train in time to avoid danger. It was six in the evening, and the night was dark and misty, but there was a lighted headlight on the incoming engine. There was a rule of the road that a train should not pass another which was discharging passengers at a station, and the plaintiff knew that trains were not accustomed to pass. The plaintiff was not shown to have known of the rule, and it did not seem to be material except as bearing upon the defendant's negligence, which was admitted. *Held*, that the judge rightly directed a verdict for the defendant.

A person is not warranted in assuming that trains will not cross each other at a station, and in shutting his eyes and walking ahead on that assumption.

TORT, for personal injuries occasioned to the plaintiff by being run down by the defendant's locomotive engine at the station on the defendant's road at Readville.

Trial in the Superior Court, before *Maynard*, J., who directed a verdict for the defendant; and the plaintiff alleged exceptions, the material portions of which appear in the opinion.

The case was argued at the bar in November, 1892, and afterwards was submitted on the briefs to all the judges.

*J. P. Leahy*, (*M. Galligan* with him,) for the plaintiff.

*F. A. Farnham*, for the defendant.

HOLMES, J. This is an action for personal injuries, and the question is whether the plaintiff should have been allowed to go to the jury, or whether there was no sufficient evidence of due care on his part. The defendant's negligence is admitted. At the place of the injury, which was the Readville station on the defendant's road, there were two tracks. The plaintiff had been travelling away from Boston on the westerly of the two, which was the outward track. He alighted on the easterly side, between the two tracks, and started to cross the easterly track, when he was run down by an incoming train. On the side toward which the plaintiff was going were the station and a flight of steps leading down to the highway in the direction of the plaintiff's home. On the westerly side was the usual long platform opposite the station, extending to the highway, where it crossed the track, or nearly to that point. The distance between the inward and outward tracks was eleven feet and four inches. There were gates at the end of the plaintiff's car, but they were not in use and were open on both sides. The plaintiff

was familiar with the premises, and walked back through the train to this car, with the purpose of crossing the track as he attempted to do, and as other people who lived on the easterly side of the railroad were in the habit of doing. According to his testimony, as he was going down the steps of the car, he looked around and did not see anything. There is no evidence of any further looking, and it plainly appears, from inspection of the photograph which was exhibited, that, if the plaintiff had looked before going upon the eastern track, he could not have failed to see the approaching train in time to avoid danger. It was six o'clock in the evening, and the night was dark and misty, but there was a lighted headlight on the incoming engine. The main fact relied on by the plaintiff was that the gate was open. But as the gates were not used on that train, and as the fact seems to have been notorious, it may be questionable whether they can have been taken by the plaintiff to convey any assurance whatever. The most which he could have been warranted in understanding it to assert was, that he could alight in safety, and that assertion was true, as there was plenty of room between the tracks. After he had alighted, to be sure, there was nothing to hinder him from crossing the eastern track, but neither would there have been anything had the plaintiff left his train on the other side. So the question comes down to this, — whether a person is warranted in assuming that trains will not cross each other at a station, and in shutting his eyes and walking ahead on that assumption. That question was answered in *Debbins* v. *Old Colony Railroad,* 154 Mass. 402. See also *Young* v. *Old Colony Railroad,* 156 Mass. 178; *Tyler* v. *Old Colony Railroad,* 157 Mass. 336. For although the plaintiff in that case came in from the outside when the gate across the highway was closed, as he knew, it was assumed that he entered rightfully for the purpose of taking a train which was there, and the jury well might have found that he was warranted in assuming that the gate was closed on account of the train which he saw and meant to take, so that his knowledge or warning was no more than the plaintiff's in the case at bar. Moreover, if it be material, there was a rule of the road in that case as in this, that a train should not pass another which was discharging passengers at a station, and the plaintiff knew that trains were not accustomed to pass.

But as the plaintiff here is not shown to have known of the rule, and as, if he did know of it, it was not passed for the purpose of conveying any assurance to him and did not purport to convey any, it does not seem to be material except as bearing on the defendant's negligence, which is admitted. In the opinion of a majority of the court, the exceptions must be overruled.

*Exceptions overruled.*