JEREMIAH BUCKLEY, administrator, *vs.* OLD COLONY RAILROAD COMPANY.

Bristol.    December 6, 1893. — March 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Loss of Life — Railroad — " Passenger " — Action.*

If a person, for the sole purpose of continuing his homeward journey on foot, knowingly and voluntarily leaves a railroad train, which has stopped at a place not designed for the discharge of passengers, a short distance from the station for

transportation to which he has paid fare, to await the passing of an express train approaching from the opposite direction, and the name of the station is not called, nor any express or implied invitation given to passengers to leave the train, he ceases to be a passenger; and if, in crossing the railroad tracks, he is killed by the other train, no action can be maintained, under Pub. Sts. c. 112, § 212, by the administrator of his estate against the railroad corporation for causing his death.

TORT, under Pub. Sts. c. 112, § 212, by the administrator of the estate of Daniel J. Buckley, for causing his death, while an alleged passenger on the defendant's railroad.    Trial in the Superior Court, before *Dewey*, J., who directed the jury to return a verdict for the defendant, and, at the request of the parties, reported the case for the determination of this court.    If the ruling was right, judgment was to be entered for the defendant; otherwise, the case was to stand for trial.    The facts appear in the opinion.

*D. F. Buckley*, for the plaintiff.

*J. H. Benton*, *Jr.*, for the defendant.

BARKER, J.    The plaintiff's intestate was killed by an express train which struck him as he was crossing the defendant's tracks in the rear of another train.    There is no contention that, unless he was a passenger at the time, he was himself in the exercise of due care, but if he was a passenger it is not necessary to show that he was in the exercise of due diligence in order to recover under Pub. Sts. c. 112, § 212.    *Commonwealth* v. *Boston & Lowell Railroad*, 134 Mass. 211.

We are of opinion that the deceased had ceased to be a passenger before he was struck by the express train, and that the verdict for the defendant was rightly ordered.    The deceased had purchased his ticket for the Easton station, and had ridden in the train as a passenger until the train had nearly reached that station.    The train had then been stopped a short distance from the station to await the passing of an express train approaching from the other direction.    The name of the station had not been called, nor any express or implied invitation given to passengers to leave the train where it then stood; but the stop was one which the deceased must have known was for some purpose other than the discharge of passengers.    It is not contended that he left the train for any purpose except to pursue his homeward route on foot, and he had less distance to travel on foot, if he

left the train where it stopped, than if he rode to the station. No witness was called who saw him on the train, but it was admitted that he bought a ticket for Easton and took the train and rode in it until near that station. Upon this state of the case there was no possible conclusion except that he knowingly and voluntarily left the train, at a place not designed for the discharge of passengers, for the sole purpose of continuing his homeward journey on foot. When he so left his car he thereby terminated his relation to the defendant as a passenger, and it was under no obligation to him to afford him a safe path on his further progress. See *Frost* v. *Grand Trunk Railroad*, 10 Allen, 387. As held in *Commonwealth* v. *Boston & Maine Railroad*, 129 Mass. 500, " If he chooses to abandon his journey at any point before reaching the place to which he is entitled to be carried, the corporation ceases to be under any obligation to provide him with the means of travelling further." The deceased was not injured in leaving the train, but in pursuing his own course on foot at a point distant from the place where he alighted, so that there is no occasion to consider the question raised in *McKimble* v. *Boston & Maine Railroad*, 139 Mass. 542, whether the defendant ought to have prevented him from leaving the train or have warned him not to do so. It gave him no invitation to alight, and is not responsible for his voluntary act. The case so differs in its facts from that of *Boss* v. *Providence & Worcester Railroad*, 15 R. I. 149, on which the plaintiff relies, that there is no occasion to discuss that decision. There the plaintiff testified that he supposed the train had arrived at his station, and he was hurt while leaving it in the manner usual at that station.

*Judgment on the verdict.*