HOPE S. WINSLOW *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    January 17, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Railroad — Invitation to Cross Tracks — Due Care — Negligence.*

An action will not lie against a railroad corporation for personal injuries occasioned to the plaintiff by being struck by a locomotive engine while attempting to cross the tracks of the railroad in front of a station, if, while it was proper and necessary for him to cross the tracks to reach the platform from which he was to take his train when it should arrive, he was negligent, having crossed the first track, in failing to look for or to see, until he was on the second track, the train approaching on that track by which he was injured.

TORT, for personal injuries occasioned to the plaintiff by being struck by the defendant's locomotive engine at Swampscott. Trial in the Superior Court, before *Blodgett,* J., who ruled, at the request of the defendant, that upon the whole evidence the plaintiff was not entitled to recover, and directed a verdict for the defendant ; and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. F. A. Smith,* for the plaintiff.

*W. I. Badger & T. Hunt,* for the defendant, were not called upon.

BARKER, J.   The ruling that upon the whole evidence the plaintiff was not entitled to recover was right.   While it was proper and necessary for her to cross the tracks to reach the platform from which she was to take her train when it should arrive, there was no reason for crossing when she did, and there was no inducement or invitation held out to her to cross the tracks when she did.   Although when she stepped from the platform she looked in both directions, her view of the track upon which she might expect the immediate approach of a train was wholly obstructed by the train going out upon the nearest track, immediately behind which she stepped, and to go upon the other track without looking to see whether a train was approaching upon it was equivalent to attempting to cross that track without looking at all for the approach of a train from the

direction in which trains approached on that track.   When she had crossed the first track, and had reached the space six feet wide between the two tracks, the train which was leaving the station upon the first track no longer obstructed her view of the other track, upon which the express was coming at the rate of from twenty to thirty miles an hour.  Her failure to look for or to see it until she was upon the second track was negligence which prevents her from recovering in this action.   *Mayo* v. *Boston & Maine Railroad,* 104 Mass. 137, 143.   *Young* v. *Old Colony Railroad,* 156 Mass. 178.   *Connolly* v. *New York & New England Railroad,* 158 Mass. 8.   *Buckley* v. *Old Colony Railroad,* 161 Mass. 26.                                    *Exceptions overruled.*