GEORGE M. ELLIS *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    November 9, 1897. — November 24, 1897.

Present : KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Railroad — Grade Crossing — Action.*

While the raising of the gates where a railroad crosses a street may justify a person in attempting to cross, and while that fact and the facts that no whistle was sounded and no bell was rung are to be taken into consideration on the question of how much he must himself look and observe as he makes his way across, these circumstances do not excuse him from using his own faculties and senses to protect himself from danger.

TORT, for, personal injuries occasioned to the plaintiff by being struck by the defendant's locomotive engine and tender at Charlestown, in Boston.    Trial in the Superior Court, before *Bishop*, J., who directed the jury to render a verdict for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*W. M. Lindsay*, for the plaintiff.

*S. Lincoln & T. Hunt*, for the defendant.

BARKER, J.    Upon the evidence there was no dispute as to how the plaintiff was hurt.    He stood upon the street, upon one side of the railroad, intending to walk upon the street to the other side of the railroad.    There were the usual gates, which were down, and a passenger train stood upon the rails next him.    The train moved on, and when its rear end had left half of the width of the street free the gates rose, and he started across the railroad.    He passed the track which the train had left, and when he stepped upon the other track was struck by an engine and tender backing down upon that track, and moving in the opposite direction from that of the passenger train.

He was himself a brakeman upon another railroad, and was perfectly familiar with the crossing, knew that the place was one of the busiest on the two great railroads entering Boston from the north, that a very large number of trains crossed there, and that engines and tenders were likely to pass there at almost any time.

The evidence upon which the verdict against him was ordered consisted wholly of his own testimony, and that of another man who was upon the railroad not far from the street, and who saw the plaintiff waiting to cross and as he was struck. So far as the question of the plaintiff's conduct is concerned, the whole evidence was consistent; and there was no conflicting testimony to require the interposition of a jury. The plaintiff's whole account of the matter was, that, after the passenger train had started, he started across, when the gates rose, and as he got right on the in-bound track he was struck, and did not remember anything until he was over to the depot, when he came to, and was taken to the hospital. On cross-examination he said he did not notice the gates on the farther side of the street, and could not say whether they were open, or up or down, and he did not look; that he did not look down on the ground as he walked across the tracks; that he started to go across when the rear car had got about midway across; and that the next thing he knew he was hit.

He did not testify to any thought as to his own safety in crossing, or to any act of observation as to whether or not anything was coming towards him upon the in-bound track, nor that he looked or listened for anything, or that he excercised any care or watchfulness whatever, or did anything whatever to protect himself from danger. At the same time he knew all about the crossing, that it was a very busy one, and that cars might be expected at any time. Nor can there be found from the testimony of the other witness any indication that after the plaintiff started to cross he exercised any care whatever. The witness saw him standing three or four feet outside the gates before the passenger train moved out, then saw him start to walk across, and saw him hit so quickly that the witness had no time to cry out or give warning. The same witness estimated the speed of the engine at from nine to fourteen miles an hour, and testified that no whistle was blown and no bell rung.

The raising of the gates was no doubt a circumstance which justified the plaintiff in starting to cross the railroad when he did, and he had a right to expect that, if any engine or train was approaching the crossing on the in-bound track, a whistle would be sounded or a bell be rung. But in attempting to cross the railroad he was bound, in the exercise of ordinary care, himself to exercise his own powers of observation, and to take thought for his own safety; and he was not entitled to have his case go to the jury unless there was evidence from which it could be inferred that he did this. No such inference can be drawn either from his own testimony or that of the other witness.

The general rule, that one who attempts to cross a railroad track must use his own powers of observation in a reasonable way to assure himself that there is no danger from approaching trains, is clear; *Chase* v. *Maine Central Railroad,* 167 Mass. 383, and cases cited; and the rule applies to one from whom a train approaching upon a second track is hidden by a train which has just passed. *Bancroft* v. *Boston & Worcester Railroad,* 97 Mass. 275. *Winslow* v. *Boston & Maine Railroad,* 165 Mass. 264. While the raising of the gates justified the plaintiff in attempting to cross when he did, and while that fact, and the facts that no whistle was sounded and no bell was rung, are to be taken into consideration on the question of how much he must himself look and observe as he makes his way across, these circumstances do not excuse him from looking and listening, and taking thought for his own safety. He cannot rely wholly upon them, and cannot recover without showing more as to his own conduct than that he so relied. *Butterfield* v. *Western Railroad,* 10 Allen, 532. *Merrigan* v. *Boston & Albany Railroad,* 154 Mass. 189. *Tyler* v. *Old Colony Railroad,* 157 Mass. 336.

We are of opinion that, as matter of law, there was no evidence from which it could be found that the plaintiff himself exercised due care, and the verdict for the defendant was rightly ordered.

*Exceptions overruled.*