FRANK FOSS & others *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.     November 18, 1897. — January 8, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Employers' Liability Act — "Dependency" — Instantaneous Death — Due Care.*

Where, in an action against a railroad corporation by the next of kin of an employee to recover for his death under the employers' liability act, St. 1887, c. 270, § 2, it being his duty to remove, as required by the rules of the railroad, a red lantern previously placed by him on the track as a danger signal to indicate the passing of a train just before, the only inferences to be drawn from the evidence are either that he unnecessarily placed the lantern in a dangerous place, or, if it were in a proper place, that he through carelessness did not remove it when he should have done so, and that then, suddenly awakening to the fact, he exposed himself without just cause to a manifest danger, and was killed, it cannot be said that he was in the exercise of due care, and the action cannot be maintained.

TORT, under the St. of 1887, c. 270, § 2, by the next of kin of William F. Foss, to recover for his instantaneous death while in the employ of the defendant, alleged to have been caused by the negligent act of a servant of the defendant in charge of a locomotive engine.

At the trial in the Superior Court, before *Lilley*, J., at the close of the evidence for the plaintiffs, the judge directed the jury to return a verdict for the defendant; and the plaintiffs alleged exceptions, which appear in the opinion.

*W. M. Stockbridge*, for the plaintiffs.

*C. F. Choate, Jr.*, (*J. H. Benton, Jr.* with him,) for the defendant.

LATHROP, J.   The bill of exceptions refers to the pleadings, and, while no question of pleading is raised, we may briefly state the declaration in order to ascertain the grounds upon which the plaintiffs seek to recover.   This sets forth that William F. Foss was in the employ of the defendant as the station agent at Roslindale, on October 12, 1892, and as such it was his duty " to place on the track in front of the station, after a train had passed, a red lantern as a signal to any approaching train that another train was just ahead, and as a warning to the engineer in charge of such approaching train to slacken his speed and not to approach too near the train which had passed "; that it was his " further duty to remove said lantern about five minutes after the train ahead had passed ; that on said October 12, 1892, at about seven o'clock in the afternoon, said Foss had placed a red lantern on the track in front of the station after a train had passed, and about five minutes thereafter went upon the track to remove said lantern," and that while removing it he was struck by the locomotive engine of an approaching train, and was instantly killed.   The declaration contains the usual allegations as to due care on the part of Foss, and negligence on the part of the servant of the defendant in charge of the locomotive engine, and other allegations as to notice and the dependence of the plaintiffs for support upon the earnings of Foss.

From the exceptions it appears that the accident happened on the day above stated ; that Foss was thirty-eight years old, and had for fifteen years been engaged in the railroad business, and was thoroughly familiar with the work and with everything about a railroad.   He had worked on two other roads, had been employed at three other stations of the defendant road, and came to Roslindale two days before the accident.

The defendant's road at the Roslindale station runs about east and west, Boston being to the east and Dedham to the west. The station is on the northerly side of the tracks, and separated from it by a platform about twelve feet wide.   There are two tracks, the one nearest the platform being at that time used by trains going to Boston, and the other by trains going to Dedham and beyond.   The tracks passed the station in a long, sweeping curve, the station being on the inner side of the curve. ·

The train by which Foss was struck was an express train and

came from beyond Dedham, and was due to pass Roslindale, without stopping, at twelve minutes after seven P. M., on its way to Boston. The last train passing in the same direction was due to leave Roslindale at two minutes after seven. There were thus ten minutes between the running time of the two trains. There was also another train which left Roslindale for Dedham at twenty-two minutes after seven.

Before the accident a red light was seen in front of one of the doors of the station. One of the witnesses testified that " he could not say whether it was outside or in the centre of the rails, but it was not on the platform." Another witness testified that the light was on the track.

The evidence as to the way Foss met his death is told by several witnesses. One Horton, who was going along South Street, and passed under the gates after they were down for the approaching train to the north side, testified that he heard the whistle of the approaching train, and saw the red light and stopped to see what was going to become of it; that he heard the train thundering along, and saw a man come to the bay window, look up and turn quickly, and then heard the door slam; and that he then saw him pass out of the door to the light and stoop, " and then simply saw the red light wave a little, and that was all until the train passed."

One Young testified that he went into the station about ten minutes past seven, and heard a whistle ; that he asked Foss if he should take in the lantern ; that Foss at the time was in the ticket office, talking to a lady who was standing at the window opening into the ladies' room; and that two or three seconds later Foss came running out of the door and down off the steps and tried to " grab " the lantern.

Another witness, who was on the platform of the station, testified that he saw Foss come suddenly out of the station and dash down the steps to seize the light; that he jumped down to the track, just picked the lantern up and went to wheel to go back; and just as he turned he was struck. After the accident Foss was found dead between the platform and the nearest rail, a space of between two and a half and three feet.

Some of the witnesses testified that they did not hear the whistle blown and did not notice that the train slackened speed, though one witness testified that the steam was shut off.

The rules of the road which seem to us of importance are the following :

" No. 75 b.   At stations (except where governed by the automatic block signals), upon the passing of every train, the red signal will be at once displayed next the track upon which the train has passed, and kept there until it has been gone the length of time given in the time table between it and the train that should follow, if not more than ten minutes, but in all cases kept there for five minutes ; and no train will pass this signal until the five minutes shall have elapsed, unless otherwise ordered in the time table, or by special instructions.   When stations are located upon a curve, however, a train, after stopping in this manner, will then proceed on to a straight line, there to wait the unexpired portion of the time."

" No. 87.   A train must not leave a station to follow another train until five minutes after the departure of such train, except where governed by the electric block signals, or where otherwise specified by time table.

" No. 88.   Passenger trains running in the same direction must keep not less than five minutes apart, except where governed by the electric block signals, or where otherwise specified in the time table."

There is also another rule requiring ticket offices to be kept open at least fifteen minutes before the arrival of each train.

It was admitted that there were no electric block or automatic signals at the Roslindale station at the time of the accident.

If we assume, without deciding, that there was sufficient evidence of negligence on the part of the person in charge of the approaching train to warrant the submission of this question to the jury, we are still of the opinion that on the evidence Foss lost his life through his own recklessness.

The contention of the plaintiffs is that by Rule 75 b Foss was required to display the red signal upon the passing of the two minutes after seven train, and keep it there ten minutes, until the exact time when the express train was due ; and that therefore he was killed while in the performance of his duty, and while engaged in doing what he was explicitly directed to do by the defendant.   But we do not so interpret this rule.   The first part of the rule might safely be applied when both trains were

to stop at the station ; but it could not apply where the second train was not to stop. The words " but in all cases kept there for five minutes, and no train will pass this signal until the five minutes shall have elapsed," are also a part of the rule, and are applicable to the trains as they were then running.

It is also to be noticed that there is nothing in the rules which forbids the placing of the red light upon the platform ; and there is no evidence to show that the red light was usually placed between the track and the platform, or between the rails of the track, in one of which places the evidence tends to show that it was that night, or that it was usually placed between the two tracks, as the counsel for the plaintiffs contends that it was placed that night, which contention we do not find anything in the evidence to support.

It seems to us that the only legal inferences to be drawn from the evidence are either that Foss unnecessarily placed the lantern in a dangerous place, or, if it were in a proper place, that he through carelessness did not remove it when he should have done so, and that then, suddenly awakening to the fact, he exposed himself without just cause to a manifest danger. It follows that the ruling of the court below was right. *Clark* v. *Boston & Albany Railroad,* 128 Mass. 1. *Young* v. *Old Colony Railroad,* 156 Mass. 178. *Tyler* v. *Old Colony Railroad,* 157 Mass. 336. *Connolly* v. *New York & New England Railroad,* 158 Mass. 8. *Rigg* v. *Boston, Revere Beach, & Lynn Railroad,* 158 Mass. 309. *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330. *Winslow* v. *Boston & Maine Railroad,* 165 Mass. 264.

*Exceptions overruled.*