ELIZA B. YOUNG, administratrix, vs. NEW YORK, NEW
HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    January 12, 1898. — May 17, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Death — Statute — Passenger.*

A person who runs across a railroad track from the station to the opposite platform
on the walk provided for passengers, in front of an approaching train, which is
in plain sight and which he must see, and by which he is struck and injured, is
not in the exercise of due care.

In an action against a railroad corporation, under Pub. Sts. c. 112, § 212, for caus-
ing the death of a person who was a passenger, there was evidence tending
to show that he crossed a railroad track from the station to the opposite plat-
form on the walk provided for passengers in order to take an approaching
train for Boston; that the platform was narrow and the space insufficient for the
accommodation of passengers who were accustomed to use it in taking trains;
that on this occasion the platform was crowded with passengers who intended to
take the train; that he got one foot on the platform when he was struck by the
train, being somewhat obstructed by the crowd, and but for the crowd might
perhaps have saved himself; that the platform was so constructed that the loco-
motive and cars running on the track next to it overhung the edge of the plat-
form; and that the approaching train was running at an extraordinary rate of
speed up to and beyond the walk referred to. There was also evidence tending
strongly to show that he had not abandoned his intention of taking the train and
of proceeding in it. *Held*, that the intestate was a passenger within the mean-
ing of the statute, and that there was evidence for the jury of the negligence or
carelessness of the corporation, or of the unfitness or gross negligence or careless-
ness of its servants or agents while engaged in its business.

TORT, by the administratrix of Wilbur R. Young, for his con-
scious suffering, and, under Pub. Sts. c. 112, § 212, for causing
his death.

Trial in the Superior Court, before *Mason*, C. J., who, at the
close of the evidence, ruled that the action could not be main-
tained, and directed a verdict for the defendant; and the plain-
tiff alleged exceptions.  The facts appear in the opinion.

The case was argued at the bar in January, 1898, and after-
wards was submitted on briefs to all the justices.

*A. A. Strout & R. W. Bartlett,* for the plaintiff.

*J. H. Benton, Jr. & C. F. Choate, Jr.,* for the defendant.

FIELD, C. J.    There are four counts in the declaration, some of which are counts at common law, and the others are counts under Pub. Sts. c. 112, § 212, in one of which at least it is alleged that the plaintiff's intestate was a passenger.

We are of opinion that the evidence does not show that the plaintiff's intestate was in the exercise of due care.    He ran across the tracks from the station to the platform, in front of an approaching train, which was in plain sight and which he must have seen.    This consideration disposes of all the counts except those brought under Pub. Sts. c. 112, § 212, in which it is alleged that the plaintiff's intestate was a passenger.

Whether there was evidence for the jury that the plaintiff's intestate at the time he was injured was a passenger, within the meaning of Pub. Sts. c. 112, § 212, is a question of more difficulty.    The justice presiding at the trial appears to have been of opinion that the decision in *Webster* v. *Fitchburg Railroad*, 161 Mass. 298, shows that the plaintiff's intestate was not a passenger at the time he was injured.    The question whether a person who intends to take a train, but has not taken it, has become a passenger, has been considered in many cases, but not often with reference to this particular statute.    The plaintiff's intestate undoubtedly was a passenger in the sense that he had a right to be at the station and to cross the tracks to the platform on the other side, and the railroad company, we think, owed him the duty which it owed to passengers generally, to provide suitable accommodations and safe and convenient ways of access to the train.    While he was at the station, he was under that protection which railroad corporations owe to all persons who arrive at a station intending to take a train.    *Warren* v. *Fitchburg Railroad*, 8 Allen, 227.    *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207.    *Jordan* v. *New York, New Haven, & Hartford Railroad*, 165 Mass. 346.    It is plain, we think, that the plaintiff's intestate had presented himself at the proper place, — the place provided by the railroad for passengers, — intending to take the train when it arrived.    In this respect the case differs from *Webster* v. *Fitchburg Railroad*, *ubi supra*.

In *Merrill* v. *Eastern Railroad*, 139 Mass. 252, and in *McKimble* v. *Boston & Maine Railroad*, 139 Mass. 542, it was held that a passenger continues to be a passenger, within the meaning of

Pub. Sts. c. 112, § 212, while crossing the premises of the railroad company to get upon the street after rightfully leaving a train stopping at a station. The effect of the decision in *Warren* v. *Fitchburg Railroad, ubi supra,* as applied to the facts stated in the exceptions in the present case is that, if the plaintiff's intestate had a ticket for the passage to Boston, he was a passenger while passing from the station across the track to the platform for the purpose of taking the train for Boston.   One object of the statute now incorporated in Pub. Sts. c. 112, § 212, is said to be the punishment of a railroad company for negligently causing the death of a passenger.   *Commonwealth* v. *Boston & Lowell Railroad,* 134 Mass. 211.

*England* v. *Boston & Maine Railroad,* 153 Mass. 490, *Young* v. *Old Colony Railroad,* 156 Mass. 178, *Connolly* v. *New York & New England Railroad,* 158 Mass. 8, and *Winslow* v. *Boston & Maine Railroad,* 165 Mass. 264, were actions at common law, in which the plaintiffs were injured, not killed.

We think that in the Pub. Sts. c. 112, § 212, the word "passenger" must be held to have its customary meaning, and that under our decisions there was evidence that the plaintiff's intestate had become a passenger at the time he was injured.   The evidence tends strongly to show that he had not abandoned his intention of taking the train, and of proceeding in it to Boston.

Was there evidence for the jury of the negligence or carelessness of the corporation, or of the unfitness or gross negligence or carelessness of its servants or agents while engaged in its business?   We think that there was.   There was evidence that the platform was narrow and the space insufficient for the accommodation of the passengers who were accustomed to use the platform in taking inbound trains; that on this occasion the platform was crowded with passengers who intended to take the train; that the plaintiff's intestate got one foot on the platform, but was somewhat obstructed by the crowd, and but for the crowd might perhaps have saved himself; that the platform was so constructed that the locomotive and cars running on the track next to it overhung the edge of the platform; and that the approaching train was running at an extraordinary rate of speed up to and beyond the walk along which the passengers were expected to go across the track to take the train.   We

are of opinion that the case should have been submitted to the jury on the counts under Pub. Sts. c. 112, § 212, in which it is alleged that the deceased was a passenger.

For these reasons, in the opinion of a majority of the court, the                              *Exceptions should be sustained.*