ISAAC M. COLE *vs.* NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

Bristol.    October 23, 1899. — November 28, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Personal Injuries — Due Care — Crossing Railroad Track — Evidence.*

A person who, while walking between the two tracks of a railroad on his way to a station, attempts to cross one of the tracks without looking to see whether a train is approaching and is struck by a train and is injured, is not in the exercise of due care.

In an action for personal injuries against a railroad company, evidence offered by the plaintiff on the question whether the way travelled by him to reach the station was the one held out to the public, becomes immaterial by the court's assuming that the way travelled was a proper one to reach the station.

If a case is decided on the ground of the want of due care on the part of the plaintiff, evidence bearing on the question of the negligence of the defendant becomes immaterial.

In an action against a railroad company for personal injuries, admissions of the engineer of the locomotive engine, which struck the plaintiff, made after the accident on the same day, are rightly excluded.

TORT, for personal injuries occasioned to the plaintiff by being struck by a locomotive engine of the defendant near Myrick's

Station in the town of Berkley.  Trial in the Superior Court, before *Bell*, J., who, at the conclusion of the evidence for the plaintiff, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.  The facts appear in the opinion.

*L. LeB. Holmes*, for the plaintiff.

*F. S. Hall*, for the defendant.

LATHROP, J.  Myrick's Station is between two lines of railroads operated by the defendant, one being the main line from Taunton to New Bedford, and the other the line from Fall River to Middleborough.  These roads cross each other about three hundred feet north of the station at Myrick's, and there is no access to the station except by crossing two or more of the railroad tracks at grade.  The main tracks from Taunton to New Bedford are on the east side of the station, and run north and south.  There is a public highway running east and west, which crosses the tracks a few feet southerly of the intersection of the lines above mentioned.  There were different ways of going to the station, but there was evidence that most of the travel for many years was over the public street crossing, and then between the two main tracks of the New Bedford and Taunton Railroad, which were about six or eight feet apart, thence crossing the west track to a space about twenty or thirty feet north of the north end of the station platform, and thence to the station.

The plaintiff, who had lived in the neighborhood for several years, on the morning of a clear day started for the station by the way above described, to meet his brother, who was coming by a train soon to arrive.  He testified that he stood on the highway until a freight train had passed; that then he stepped across the track and looked both ways to see if everything was all clear and saw nothing in the way; that he then started to go down to the station between the north bound track and the south bound track; that after he got one hundred and fifty or two hundred feet down he heard a noise and looked round and jumped; that he had just stepped over the rails of the south bound main track when he heard the noise; that he then looked and jumped back; that he intended to cross over this main track, although he had not got to a point opposite the end of the platform.  The plaintiff was struck while on the south bound track.

It does not seem important in this case to determine whether the defendant owed the same duty to the plaintiff, who was going to the station to meet his brother, as it would have owed him had he intended to become a passenger, as we are of opinion that it clearly appears that the plaintiff was not in the exercise of due care in attempting to cross the south bound track without looking to see whether a train was approaching. This has been so often decided, and the reasons for the rule have been so often stated, that it is unnecessary to repeat them. *Tyler* v. *Old Colony Railroad*, 157 Mass. 336, and cases cited. *Sprow* v. *Boston & Albany Railroad*, 163 Mass. 330. *Chase* v. *Maine Central Railroad*, 167 Mass. 383. *Ellis* v. *Boston & Maine Railroad*, 169 Mass. 600. *Emery* v. *Boston & Maine Railroad*, 173 Mass. 136.

Two questions of evidence remain to be noticed.

1. The plaintiff offered to show that the defendant did not clear the way west of the station when there was a snowstorm, as bearing upon the question whether the way travelled by the plaintiff was the one held out to the public. This evidence was excluded. As we have assumed that the way travelled was a proper way to reach the station, this evidence becomes immaterial.

2. The plaintiff offered to show that the engineer of the locomotive engine which struck the plaintiff stated in the afternoon of the day of the accident that he saw the plaintiff walking between the tracks towards the station some time before he sounded the whistle that morning, and that he saw the plaintiff before he was struck. The judge rightly excluded the evidence. In the view we take of the case this evidence was immaterial, as we decide the case on the ground of the want of due care on the part of the plaintiff, without regard to the question whether the defendant was negligent. In the next place the evidence was incompetent. The engineer's admissions were not admissible in evidence. *Robinson* v. *Fitchburg & Worcester Railroad*, 7 Gray, 92. *Lane* v. *Bryant*, 9 Gray, 245. *Williamson* v. *Cambridge Railroad*, 144 Mass. 148. *McKinnon* v. *Norcross*, 148 Mass. 533. *Tyler* v. *Old Colony Railroad*, 157 Mass. 336, 339. *Eastman* v. *Boston & Maine Railroad*, 165 Mass. 342.

*Exceptions overruled.*