## FRANK K. CLARK *vs.* AMERICAN EXPRESS COMPANY.

Middlesex.    November 13, 1907. — January 11, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence*, In use of platform of railroad station.    *Carrier*, Of passengers.

At the trial of an action of tort against an express company to recover for personal injuries which the plaintiff received by being run into by a hand truck of the defendant as he was about to take a train in a railroad station, there was evidence warranting the jury in finding that the plaintiff intended to get upon the smoking car which he expected to find at the front of the train. There were thirteen cars on the train, and the smoking car was the fifth car from the rear and the eighth from the front of the train, but he passed it by without seeing it and went forward on the station platform, also passing some day coaches and Pullman and private cars, until he came to a series of baggage and express cars, when, without looking behind and without stepping out of his direct course, he leaned to the right to see where the smoking car was, and was run into from behind by the truck. The plaintiff testified that he knew " that the smoking car is never ahead of the baggage cars," that he knew that some of the cars had signs hung on them, and that he saw a number of trucks about which were' being unloaded on to the train. *Held*, that there was evidence warranting the jury in finding that the plaintiff was where he had a right to be, that he was in the exercise of due care, and that he was injured by negligence of the defendant's employees; *also* that he was not as matter of law guilty of contributory negligence in not looking behind before he leaned over to look forward.

Whether or not one, who is intending to take a train in a railroad station, is in the exercise of due care in the use of the platform between the trains, and is, in his relation to an express company using hand trucks on the same platform, within his rights as an invited person, or is a trespasser or a mere licensee, depends upon what use of the premises is reasonably necessary under the circumstances as they appear to him at the time, not under the circumstances as they are in fact.

No exception lies to the refusal of the judge presiding at the trial of an action of tort against an express company for personal injuries received by the plaintiff by reason of his being run into by a hand truck of the defendant on the platform of a railroad station as he was about to take a train, to rule that " there was obvious danger in the vicinity of the express and baggage cars by reason of the number of employees and trucks moving in both directions and handling baggage at a time shortly before the train was scheduled to start," that being one of the matters for the jury to consider in passing upon the question whether the plaintiff was negligent.

TORT for personal injuries received by the plaintiff, as he was about to take a train at the North Station in Boston, from being run into by a heavily loaded hand truck of the defendant. Writ

in the Superior Court for the county of Middlesex dated February 16, 1906.

There was a trial before *Sherman*, J.   Besides the facts stated in the opinion, the defendant introduced evidence tending to show that the plaintiff frequently took the train that went at the same time and from the same track as the train that he was about to take when injured, and was familiar with the surroundings ; that between tracks 12 and 13, extending out to the end of the train shed, was a concrete platform and that a line of posts supporting the roof of the shed ran along the middle of the platform; that, beyond the end of the train shed, there was wooden planking instead of concrete ; that passengers about to take trains on track 13 generally, but not always, walked on the side of the platform nearest that track, and trucks generally used the other side; that the platform beyond the train shed seldom was used by passengers, and that, when injured, the plaintiff was on the platform beyond the train shed.

At the close of the evidence, the defendant requested the following rulings :

1. Upon all the evidence the plaintiff is not entitled to recover.

2. If the plaintiff was going to become a passenger upon the train, he was entitled to use only such approaches to the train as were reasonably necessary in order that he might reach the passenger cars.

3. The plaintiff had no right to go outside of the train shed on that part of the platform between the two tracks beyond the passenger cars.   In going to such a place, he was at best a mere licensee, towards whom the defendant owed only the duty of refraining from wantonly and recklessly injuring him.

4. The invitation implied from the situation and appearance of the premises for the plaintiff to go upon the property of the Boston and Maine Railroad is confined within such limits as were reasonably necessary for him in going to take the train as he intended.   The invitation implied did not extend to the whole premises.

6. There was obvious danger in the vicinity of the express and baggage cars by reason of the number of employees and trucks moving in both directions and handling baggage at a time shortly before the train was scheduled to start.

9. The act of the plaintiff in stepping to the right for the purpose of looking ahead without first looking to see whether he was stepping into the path of an approaching truck was a failure upon his part to exercise due care and he cannot recover.

The requests were refused, and the defendant excepted. The jury returned a verdict for the plaintiff.

*A. M. Pinkham*, for the defendant.

*G. F. Ordway*, for the plaintiff, was not called upon.

LORING, J. The underlying trouble with the argument of the defendant's counsel is twofold. In the first place he assumes that the rights of the plaintiff depend upon the actual situation and not on what appeared to the plaintiff to be the actual situation; and in the second place he assumes that what his evidence showed to have been the fact must be assumed to have been the fact unless directly contradicted by evidence introduced by the plaintiff.

The evidence warranted the jury in finding the following facts: The plaintiff went to the North Union Station in Boston, on the morning of the accident here in question, to go to Newburyport by the nine o'clock train, intending to take his seat in the smoking car. He expected to find the smoking car at the head of the train and for that reason did not look for it until he had reached the head end of the forward private car and the rear end of the baggage car. The smoking car was in fact the fifth car from the rear and the eighth car from the head of the train. Behind the smoking car were four ordinary passenger cars; ahead of it were three Pullman cars, one private car for the officials of the Boston and Maine Railroad, the baggage car opposite to which the accident here complained of happened, and in front of that two express cars and a mail car. When the plaintiff arrived at the head end of the private car and at the rear end of the baggage car, he "advanced a little further" in search of the smoking car, leaned a little to the right to get a better view of the cars ahead of him, and was run into from behind by a truck of the defendant, heavily loaded with express matter, and was knocked down. The nine o'clock train which the plaintiff was intending to take was on track 13, on the left of the platform as the plaintiff was walking. The plaintiff was walking on the right side of that platform, that is to

say, nearer track 12 which was on the right side of it. The plaintiff did not step out of his direct course when he leaned over, and received no warning from the defendant's servants who were pushing and pulling the truck.

This made out that the plaintiff was where he had a right to be, that he was in the exercise of due care, and was injured by the negligence of the defendant's employees.

It is true that the plaintiff testified "that he knew that the smoking car is never ahead of the baggage cars." But it is also true that he had no reason to suppose that it would be behind the three Pullman cars and the private car, and for that reason he was going where he reasonably thought he ought to go to find it. It is also true that he testified that he knew that some of the cars are marked by little signs hung out on them. But a passenger cannot be charged with negligence because he passes by four cars without examining the signs hung out on them, when he is in search of the smoking car and he sees that the train is a long one and the train in fact consists of thirteen cars. When such a passenger finds himself at the head end of the forward passenger car (in this case a private car) and at the rear end of the baggage car, he cannot be said to be going beyond the invitation apparently held out if he advances a little further in search of the smoking car and leans over and out to get a better view of the cars ahead of him, even if he sees that there are a number of trucks about and the contents of them or some of them are being unloaded on to the train. We are also of opinion that he was not guilty of contributory negligence as matter of law because he did not look behind him before he leaned over.

For these reasons we are of opinion that the judge was right in not directing a verdict for the defendant, and the exception to the first ruling asked for is not well taken.

The second, third and fourth rulings asked for were rightly refused. As we have already said, the plaintiff's rights depend upon what was reasonably necessary as the situation appeared to the plaintiff, not as the situation was in fact.

The presiding judge was right in refusing to charge on the particular facts stated in the sixth ruling asked for. That was a matter to be considered by the jury in passing on the question whether the plaintiff was negligent.

The difficulty with the ninth request is that it assumes that to be a fact which the jury may have found not to be a fact.

We have examined *Cowen* v. *Kirby*, 180 Mass. 504, and the other cases cited by the defendant, and find nothing in them which supports its contentions.

*Exceptions overruled.*