Elizabeth M. Aldrich *vs.* Boston and Maine Railroad.

Essex.    January 19, 25, 1921. — March 3, 1921.

Present: Rugg, C. J., Braley, Crosby, Pierce, & Jenney, JJ.

*Negligence,* Railroad: baggage truck on station platform.

At the trial of an action by a woman against a railroad corporation for personal injuries alleged to have been caused by her being run into by a baggage truck of the defendant in 1911 on the platform of a station as she was alighting from a train, the plaintiff's evidence tended to show that, as she alighted from the train and started toward the rear of the train, she was struck violently in the back, fell and became "unconscious for a moment," and that, when she regained consciousness, there was a baggage truck near her which she had not seen before. Evidence of the defendant tended to show that, as the plaintiff alighted, a four wheeled baggage truck, twelve feet long, was being pushed backward by an employee of the defendant toward the rear of the train a few feet from the edge of the curbing and steered by a handle attached to its front wheels. The employee who was pushing the truck testified that the plaintiff stepped into its side. Another employee testified that "it seemed to him . . . very much as if she walked into the truck, not falling down, but a collapse." *Held,* that

(1) The plaintiff was entitled to the rights of a passenger while carefully leaving the train and platform;

(2) A finding was warranted, unaided by surmise, conjecture or speculation, that the plaintiff was injured while in the exercise of due care by negligence of employees of the defendant.

Tort for personal injuries alleged to have been caused by the plaintiff being run into by a baggage truck of the defendant as she alighted on the station platform at Salem on December 14,. 1911. Writ dated November 12, 1913.

In the Superior Court, the action was tried before *Dubuque,* J. The testimony of the plaintiff is described in the opinion. Evidence introduced by the defendant tended to show that, as the plaintiff alighted from the train, a four wheel baggage truck of the defendant over twelve feet long was being pushed backward from the front toward the rear of the train "just a few feet from the edge of the curbing," steered by a handle attached to the front wheels, that the station platform was "pretty well crowded," and that an employee was walking ahead of the truck as it pro-

gressed to warn passengers. The employee who was pushing the truck testified that "he didn't strike the plaintiff but saw her step into the side of the truck," and that she was not unconscious, and was picked up by the baggage master of the train. The baggage master testified "that the plaintiff got off the train and turned, it seemed to him, as he remembered it, very much as if she walked into the truck, not falling down, but a collapse; that the plaintiff was not unconscious."

At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $2,000; and the judge reported the case to this court for determination.

*H. F. Hurlburt & F. P. Garland,* for the defendant, submitted a brief.

*E. S. Abbott,* for the plaintiff.

RUGG, C. J. This is an action of tort to recover damages for personal injuries. There was evidence tending to show that the plaintiff, a passenger upon a train of the defendant, arrived at the station in Salem at a little after seven o'clock on a December morning; that she had in her hand a bag weighing with its contents about fifteen pounds, and was assisted to alight by the conductor; that she stepped upon the station platform and took a pace or two toward the rear of the train when she was struck violently in the back, fell and became "unconscious for a moment; that when she regained consciousness there was a baggage truck near her" which she had not seen before; that she had bruises along the back of her hip and elsewhere; that a truck of such height as to hit the plaintiff in the back or hip was being pushed along the platform by employees of the defendant in such direction that it might have struck the plaintiff from behind. There was other evidence tending to show that the truck was being pushed in the opposite direction and that the plaintiff stepped against it.

The plaintiff was entitled to the rights of a passenger while carefully leaving the train and platform. *Young* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 33.

Although there was some conflict in the evidence, there was ample support for a finding that whatever injury was sustained by the plaintiff arose from contact between her and the truck of

the defendant.    Whether it struck her in the back as she was on her way, or whether she collapsed and fell upon it, or whether she stepped against the side of it, were questions of fact, to prove any one of which there was sufficient evidence depending upon the credibility of witnesses and the rational inferences from the testimony.  If the jury believed all the facts in evidence tending to sustain the plaintiff's contentions, they might have found from definite facts, unaided by surmise, conjecture or speculation, that she was injured while in the exercise of due care by the negligence of the servants of the defendant.  *Keefe* v. *Boston & Albany Railroad,* 142 Mass. 251, 257.  *Clark* v. *American Express Co.* 197 Mass. 160.

*Judgment on the verdict.*