## CHARLES S. SAVAGEAU *vs.* BOSTON AND MAINE RAILROAD.

Worcester.    October 3, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Railroad. *Railroad,* Maintenance of stations. *Practice, Civil,* Conduct of trial : judge's charge.

The declaration in an action against a railroad company by one, who was injured by being run into by a train of the defendant while he was waiting on a station platform to take the train, alleged as the cause of the injury a negligent and improper management of the locomotive engine. At the trial there was evidence that there were seventy-five or one hundred persons on the platform, which would accommodate three hundred and fifty persons, that the platform was of cinders and ran to the nearest rail of the railroad track and on a level with it, that the train "came in fast," and that the plaintiff, who was walking down the platform near the track, jumped back from it and was pushed again toward it by a crowd coming from the station, and was run into by the train. The presiding judge ordered a verdict for the defendant. *Held,* that the

action of the judge was proper, since there was no evidence of negligent operation of the train.

While a railroad company is bound to provide at a station a platform suitable in area and construction and sufficiently lighted for the accommodation and safety of passengers while waiting for trains upon which they intend to take passage, the care and diligence to be exercised by the company in performing that duty is of a degree commensurate with the nature of the carrier's undertaking; and therefore a request for an instruction to a jury, before whom was being tried an action for personal injuries alleged to have been caused by the maintenance of an insufficient and improper platform, which purports to state the carrier's duty but omits to define the degree of care and diligence required as being commensurate with the nature of the carrier's undertaking, should be refused.

The mere fact that a platform of a railroad station is built level with the nearest rail of the railroad track and up to it, so that an ordinary passenger car or locomotive engine would project over the platform between two and three feet, while an important, is not a conclusive, factor in determining whether the maintenance of such a platform was a failure on the part of the railroad company to perform its duty to maintain a platform suitable for the accommodation and safety of its passengers.

At the trial of an action by a passenger against a railroad company for personal injuries received while the plaintiff was waiting on a station platform in the evening for a train, and due to his being run into by the train, there was evidence that the plaintiff, observing that he was in danger because of his nearness to the track, sought to jump back from the track and out of the way and was pushed back toward the track by a crowd, and the plaintiff asked the judge to instruct the jury that "If you find that the plaintiff, as soon as he saw that he was in danger from the approaching train, used reasonable efforts to get out of the way, you will find that he was in the exercise of due care." The judge refused so to instruct the jury, but did instruct them, "If you should be satisfied that the account he [the plaintiff] gives you, and his witnesses give you, is exactly correct, it by no means follows that he is in the exercise of due care. It is for you to say, assuming that you believe that he has given you an account that is exactly correct or substantially correct. It by no means follows that he is entitled to say that he was in the exercise of due care." Upon the plaintiff objecting to the language used, the judge made statements to the jury from which, as well as from his whole charge, it was apparent that the jury were correctly instructed that the standard of care required of the plaintiff was that of a reasonably careful and prudent man when called upon to act under similar conditions, and, the question being one for their decision, that they could review his entire conduct from the time he passed to the platform and until he was injured, and that they were not restricted to the field of inquiry as defined in the plaintiff's request for an instruction above quoted. *Held*, that the action of the judge was proper and that the plaintiff had no ground for exception.

At the trial of an action of tort against a railroad corporation for personal injuries, the plaintiff excepted " to the repetition of the facts of the defendant's contention, under the charge of due care, and also the charge of negligence." It was not questioned but that the propositions of law stated by the judge were correct. *Held*, that the exception must be overruled, since it was for the judge to determine whether the nature of the case and the administration of justice called for a repetition of legal principles which already had been stated, and his decision as well as the language employed to express his definitions, even if emphasized, were not reviewable if the propositions of law involved were correctly given.

TORT for personal injuries due to the plaintiff being run into by a train of the defendant while, having purchased a ticket, he was waiting at Heywoods Station for the train. The declaration contained two counts, the first alleging as the cause of the plaintiff's injury a negligent failure of the defendant to adopt, erect and maintain a suitable, proper and safe station, approaches and waiting places for passengers while lawfully upon the defendant's premises at Heywoods Station, and the second count alleged as the cause of the injury a negligent, improper and careless management of one of the defendant's engines. Writ dated February 10, 1909.

In the Superior Court the case was tried before *Lawton*, J.

The plaintiff's evidence tended to show that he was waiting at the station to take a train due to leave at 7.38 P. M. It appeared that the only platform for passengers at the station was a hard cinder walk nearly level, extending from the line of the station to the top of the nearest rail of the nearest track, which was the track upon which all trains arrived and departed from the station; that the surface of the walk was even with the top of the rail and about two tenths of a foot higher at the line of the station than at the top of the rail; that there was no difference between the appearance of the walk at any place between the line of the station and the nearest rail, and no curbing or any other device to indicate to a passenger the extent to which incoming trains would overhang the walk; that the steam chest of the standard engine used by the defendant would overhang the walk from two and one tenth to two and seven tenths feet. This walk extended from a point south of the station near the gateman's house along in front of the station to a point one hundred and seventy feet north of it. The station itself was thirty-four feet long on the side facing the track. A flight of four wooden steps, five feet wide, led up to it from the walk. The width of the walk to the nearest rail of the nearest track was ten feet at the gateman's house and twelve feet north of the station. In front of the station, the width of the walk was thirteen feet, except in front of the flight of steps, where it was seven and eight tenths feet. Three hundred and fifty persons could stand upon the platform comfortably and without being crowded.

There was evidence that on the evening in question there were

from seventy-five to one hundred people on the platform when the train came in, that it " came in fast; " that the plaintiff was walking up the platform as the train came in, and that, when he was about opposite the station steps, he was near the track and " tried to jump out of the way " and " got crowded back again in the same place " and was struck by the train.

At the close of the evidence the presiding judge ordered a verdict for the defendant on the second count.

As to the first count the plaintiff asked that the jury be instructed as follows:

" 4. Carriers of passengers for hire are bound to use the utmost care and diligence in the providing of suitable and proper carriages, engines, track and appliances, in order to prevent those injuries to passengers which human care and foresight can guard against."

" 8. If you find that the plaintiff's injury resulted from the failure of the defendant to construct and maintain a reasonably safe, commodious and sufficient platform, and that the plaintiff was at the time in the exercise of due care for his own safety, the defendant is liable."

" 10. If you find the defendant maintained no platform, and that the plaintiff while in the exercise of due care for his own safety was injured as a result of the defendant's failure to maintain a platform, the defendant is liable.

" 11. If you find the defendant had so constructed the platform in question that an ordinary engine and car would extend over it for an unreasonable distance, and that there was nothing in the usual and ordinary course of business at said station to render such construction necessary, and the plaintiff, while in the exercise of due care, was injured by such construction, the defendant is liable.

" 12. The construction of a platform or substitute therefor at a busy station where trains commonly come in upon only one track, so that it goes completely to the rail of the railroad with nothing to indicate to passengers the line of safety from an incoming engine or train, is negligence of itself, and if it resulted in injury to a passenger who was in the exercise of due care, the defendant is liable."

" 14. If you find that the plaintiff, as soon as he saw that he

was in danger from the approaching train, used reasonable efforts to get out of the way, you will find that he was in the exercise of due care."

The judge refused to give any of these instructions. Exceptions by the plaintiff to the judge's charge are described in the opinion.

The jury found for the defendant; and the plaintiff alleged exceptions.

Other facts are stated in the opinion.

*H. W. Blake,* for the plaintiff.

*C. M. Thayer,* (*A. H. Bullock* with him,) for the defendant.

BRALEY, J. The only evidence as to the second count was a statement of a witness for the plaintiff, that the train came in fast, but, nothing more being shown, no inference could be drawn that the engineer was negligently running at such an excessive or unusual speed as to endanger the plaintiff, who among other passengers was waiting on the station platform for its arrival. *Gerry* v. *New York, New Haven, & Hartford Railroad,* 194 Mass. 35, 37.

But if the ruling, that the plaintiff had failed to prove any liability of the defendant under this count, was right, he complains that under the first count, upon which the case went to the jury, his requests for rulings should have been given, and that the instructions to which he excepted were inaccurate and misleading.

It is undoubtedly true, that the defendant was bound to provide a suitable platform in area and construction, and sufficiently lighted for the accommodation and safety of passengers while waiting for trains upon which they intended to take passage. *Young* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 33. In the performance of this duty, as often pointed out, the degree of care and diligence to be exercised must be commensurate with the nature of the carrier's undertaking. The plaintiff's fourth request having omitted this qualification was inappropriate, and the rule was correctly stated in the charge. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284, 286, 287. *Gardner* v. *Boston Elevated Railway,* 204 Mass. 213, 216, 217.

It also was a question for the jury whether the platform as

constructed was reasonably safe for the use of passengers.    The fact that it was built level with the track so that an ordinary passenger car with the engine would project over the platform for a distance equal to the space between the inner rail and outer side of the car, while important, was not conclusive.    It was for the jury to determine in view of the amount and frequency of travel, if the projection of the engine and cars was unusual, unnecessary and unreasonable.    The eighth, tenth, eleventh and twelfth requests accordingly could not properly have been given in the language in which they were presented, but the questions raised were fully and accurately stated in unexceptionable instructions.

It is doubtful under the colloquy between the counsel for the plaintiff and the presiding judge before the jury retired, if exceptions to the instructions as to the degree of care required of the plaintiff are open.    If treated as before us, the plaintiff excepted to the instruction, "If you should be satisfied that the account he gives you, and his witnesses give you, is exactly correct, it by no means follows, that he is in the exercise of due care.    It is for you to say, assuming that you believe that he has given you an account that is exactly correct or substantially correct.    It by no means follows that he is entitled to say that he was in the exercise of due care."    The instruction, however, is to be read with the context, and what was said to the jury after counsel had stated that he excepted.    It then is manifest that the jury were correctly instructed, that the standard of care required of the plaintiff was that of the reasonably careful and prudent man when called upon to act under similar conditions, and, the question having been one for their decision, they could review his entire conduct from the time he passed to the platform and until injured, and were not restricted to the field of inquiry as defined in the fourteenth request.    *Hennessey* v. *Taylor*, 189 Mass. 583, 585.

The plaintiff further excepted " to the repetition of the facts of the defendant's contention, under the charge of due care, and also the charge on negligence."    It is urged that the course pursued was objectionable and prejudiced him with the jury.    But it is for the judge to determine if the nature of the case and the administration of justice calls for a repetition of legal principles

which already have been stated, and his decision as well as the language employed to express his definitions, even if emphasized, are unreviewable if the propositions of law involved are correctly given. *Howes* v. *Grush*, 131 Mass. 207, 211.   *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502.

*Exceptions overruled.*