Catherine McCarthy, administratrix, *vs.* Boston, Revere Beach and Lynn Railroad Company.

Suffolk.   November 8, 14, 1927. — January 5, 1928.

Present: Braley, Crosby, Carroll, Wait, & Sanderson, JJ.

*Negligence,* Railroad.

At the trial of an action by an administrator against a railroad corporation for causing the death of the plaintiff's intestate, who was run into by an engine of the defendant while on the defendant's premises after his fare for passage on a train about to arrive had been collected, there was evidence that the intestate was passing between tracks and on a dirt walk provided by the defendant for use by passengers going to the train shed; that the place was dark and "there were no lights."   The engineer

testified that as he approached the spot where the intestate afterwards was found, he saw a man and gave a warning blast of the whistle; that the blast was given because the man was two or three feet from the rail; that the engine then cut off his view; that he had the train under control; that he asked the fireman if he saw anything of a man and that the fireman said "No"; that, after the fireman said "No", he released his brakes and let the train go into the station and made the usual stop inside the train shed.   The intestate was found under the pilot of the engine. The intestate had been a frequent passenger.   A watchman, customarily present near the place of the accident to warn passengers, was absent at the time.   *Held*, that

(1) The intestate being a passenger, the question of his due care was not material;

(2) There was evidence of negligence of the defendant in failing to maintain a suitable platform and approach, sufficiently lighted; in the conduct of the engineer in going forward without being sure that the intestate was no longer in a place of danger; and in the absence of the watchman.

Tort for causing conscious suffering and the death of Charles McCarthy.   Writ dated July 10, 1924.

In the Superior Court, the action was tried before *Quinn*, J. Material evidence is stated in the opinion.   At the close of the evidence, the defendant moved that a verdict be entered in its favor.   The motion was denied.   The plaintiff thereafter waived the count for conscious suffering and the judge thereupon instructed the jury that if the plaintiff recovered, they should return a verdict for the plaintiff for $1 on the count for conscious suffering.   There were verdicts for the plaintiff on counts for causing death in the sum of $4,800, and on the count for causing conscious suffering in the sum of $1.   The defendant alleged exceptions.

*T. Kelly*, for the defendant, submitted a brief.

*E. C. Park*, for the plaintiff.

CARROLL, J.   This action is to recover for the death of the plaintiff's intestate, alleged to have been at the time of the accident a passenger on the defendant's premises at East Boston.   He was proceeding from the Marginal Street ticket office of the defendant's terminal to the ferry by which passengers are carried across Boston Harbor, when he was struck and killed by a locomotive owned by the defendant and operated by its servants.   The jury viewed the premises. There was a verdict for the plaintiff.

The entrance to the terminal for passengers not arriving by train is at the ticket office on Marginal Street, where the fare is collected; "the passenger goes through the ticket office and follows a dirt walk running at about a 45° angle with the tracks until he gets over to the area between tracks 4 and 5. . . . The space between tracks 4 and 5 is a dirt walk all the way up to the train shed." The engineer testified that, as the train came out of the tunnel going toward the station he saw "a man twenty-five or thirty feet above the foot crossing toward the ferry slip on the left side . . . walking . . . with his back to" him. The intestate was found under the pilot of the engine on the left side lying on his back.

As there was evidence that the intestate was a passenger, the question of his care was not material. G. L. c. 229, § 3. *Jones* v. *Boston & Northern Street Railway*, 205 Mass. 108.

There was some evidence indicating that the place where the deceased was walking was dark; and "there were no lights." A passenger on the train testified to this. There was much evidence in contradiction, but the question was one of fact for the jury. See *Savageau* v. *Boston & Maine Railroad*, 210 Mass. 164, 168. To furnish a suitable platform and approach, sufficiently lighted with convenient means of access to the ferry and trains, was a duty the defendant owed its passengers. *Young* v. *New York, New Haven & Hartford Railroad*, 171 Mass. 33, 34. The engineer of the locomotive which struck the deceased testified that it was a cloudy dark night; that as he crossed Marginal Street he saw "a man twenty-five or thirty feet above the foot crossing" on the left side; that "he gave him a warning blast of the whistle"; that "the man was two or three feet from the rail"; that "The first blast was because McCarthy was near the rail"; that "He did not see the man clearly, just the outline of a man"; that "He gave three or four blasts"; that these were all given before reaching the foot crossing, the engine then cut off his view; that before he got to the crossing he had his train under control; that he asked the fireman if he saw anything of a man and the fireman said "No"; that after the fireman said "No," he released his brakes and let the train go into the station and made

the usual stop inside the train shed.  On this evidence, with the evidence relating to the position of the deceased and to the track on which the train was approaching, when it was apparent that he was close to the track and not hidden from the engineer's view as he went over the crossing, it might be found that the engineer was careless in failing to take further precautions by blowing his whistle, or by controlling or stopping the engine, in order to avoid the collision; that it was negligent to release the brakes under the circumstances and "let the train go into the station" without being assured that the deceased was no longer in a place of danger.  *Renaud* v. *New York, New Haven & Hartford Railroad,* 210 Mass. 553.  *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135, 137.  *Clapp* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 532.

There was evidence tending to show that the intestate was a frequent passenger at this point.  As one witness stated: "He had seen Mr. McCarthy on several occasions before passing through the yard.  He had seen him every other Sunday night and holidays too."  It was usual to have a watchman on the crossing.  On the night in question this watchman was absent, he had been sent on a message to track 6.  According to one witness the watchman, who had since died, said that he was returning to his post, and about twenty feet distant when he saw the intestate "walking close to the track and shouted to him, warning him . . . the man was about thirty-five feet below the foot crossing . . . he shouted at the man once and then his vision was obscured by escaping steam."  If it were customary to have a watchman on guard to protect and warn passengers, the plaintiff could to some extent rely on this.  If the watchman was absent and failed properly to warn the intestate when he was close to the track, and because of the darkness he failed to realize this or to hear the approaching train, a jury could have found that the defendant was negligent; and it could have been found in view of all the circumstances, including the noise of the train, that the watchman was so far away from the intestate that he failed to hear the warning.  In

our opinion the negligence of the defendant and its agent was for the jury to decide.

In *Hutchinson* v. *Boston & Maine Railroad,* 219 Mass. 389, on which the defendant relies, the platform was sufficiently lighted and there was no evidence that the train was moving at an excessive rate of speed. As already shown, the engineer, in the case at bar, after he lost sight of the passenger, released his brakes and ceased to have the train under control. The defendant also relies on *Legge* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 88, where the deceased had ceased to be a passenger and was using for the purpose of exit a way not adapted nor intended by the defendant for such use. In *Donaldson* v. *New York, New Haven & Hartford Railroad,* 188 Mass. 484, and *Anger* v. *Worcester Consolidated Street Railway,* 231 Mass. 163, the facts were different from the facts shown in the case at bar, and for this reason those cases are not applicable. We do not think that the cause of the intestate's death was conjectural, nor that he left a safe place and walked into a place of danger. A jury could have found that he continued in the same direction up to the time he was struck.

*Exceptions overruled.*