## HORTON & SMITH *v.* HARVEY.

One who hauls his cotton to be ginned at a public ginnery is not a mere licensee, and may recover for damages when injured on the premises by the owner's negligence, even though they are not willfully and recklessly inflicted.

Argued November 18, — Decided December 12, 1903.

Action for damages. Before Judge Reece. City court of Floyd county. March 11, 1903.

The petition alleged that the defendants were the owners of a public gin to which the plaintiff carried a load of seed-cotton, which they received from him to be ginned and packed; that after it had been ginned and packed he drove his wagon to the platform erected by the defendants to receive his cotton, which had been packed into a bale weighing about 500 pounds; that the defendants, having no proper machinery for lifting the bale, undertook to load it upon the wagon by hand, and shoved it off the ginnery platform to the wagon with great force and violence, so that by reason of this violence and the sudden motion given to the bale, it was thrown against the plaintiff and he was thereby thrown off his wagon, and his leg was broken, "by the careless and reckless conduct of the defendants," and without fault on his part. By amendment it was alleged that the defendants had a derrick or crane on the platform for loading cotton bales, but the crane had no rope or tackle, and was out of repair and could not be used; that the derrick, when rigged up with ropes, was a safe and the usual way of loading cotton bales, and that the failure to rig up the derrick and use it in loading the plaintiff's cotton was negligence on the part of the defendants, and caused the injury to the plaintiff. The defendants demurred on the grounds, that no cause of action was set forth; that the allegations did not show any neg-

ligence for which the defendants would be liable to the plaintiff, but showed that the injury was an accident; and that if there was any negligence on the part of the defendants, it was patent and known to the plaintiff, and he could have avoided it by the exercise of ordinary care. The demurrer was overruled, and the defendants excepted.

*Harris, Chamlee & Harris,* for plaintiffs in error.
*Fouché & Fouché* and *M. B. Eubanks,* contra.

LAMAR, J. The plaintiff was not a mere licensee, but, having been invited to bring his cotton to be ginned at defendants' public ginnery, could recover damages for injuries occasioned by defendants' negligence while he was on the premises, even though the act was not reckless, willful, or grossly negligent. *Atlanta Cottonseed Oil Mills* v. *Coffey,* 80 *Ga.* 145. While the petition was meager in its statement of facts, the charge that the cotton was shoved from the ginnery platform on to the wagon with great force and violence, thereby throwing it against the plaintiff and breaking his leg, set out a cause of action as against a general demurrer. The fact that there was no crane and no rope and tackle for lifting the cotton, and that the plaintiff knew thereof and by the exercise of ordinary care could have avoided the injury, were matters for defense. *Archer* v. *Blalock,* 97 *Ga.* 719.

*Judgment affirmed. All the Justices concur.*