## CROOK *v.* FOSTER.

1. Where a mother brings an action to recover damages on account of the negligent and tortious homicide of a minor child, the provisions of § 4424 of the Civil Code of 1910, allowing the mother to recover for such homicide, are sufficiently pleaded, as against a general demurrer, where it is alleged that the mother "was partially dependent upon her said minor child for support, and that said minor child contributed to her

support; that she was entitled in law to the services and contribution of said minor child." This in substance alleged that the mother, at the time of the homicide, was partially dependent upon the child for support, and that the child was then contributing to her support.

2. The allegations of the petition showing that the minor child, for the tortious homicide of whom this suit is brought by the mother, was, at the time it received the injuries that resulted in death, upon a certain porch connected with a mill of which the child's stepfather was the tenant and in possession and control, and that she went to the place for the purpose of procuring lunch from her stepfather and to accompany him home, it is sufficiently shown that the presence of the deceased upon the premises where she was killed was lawful. And it appearing from other allegations that the death of the child resulted from a failure of the landlord to repair the defects known by him to exist, liability upon his part for damages was shown.

3. It can not be said that the allegations of the petition, considered altogether, show that the child had been placed in the custody of her stepfather by her mother, so as to destroy the right of action on the ground that the custodian whom the mother had selected knowingly took the child to a place of danger.

November 14, 1914.

Action for damages. Before Judge Patterson. Cobb superior court. September 3, 1913.

This action was brought on account of the homicide of the plaintiff's child, Gladys Martin, caused by the falling of a porch connected with the defendant's millhouse. The allegations were substantially as follows: The child, aged ten years, was killed at the mill of the defendant, by the falling of a cover, shed, or roof of the porch thereof, she being present on said porch, where she had been waiting for about fifteen minutes, "for the purpose of procuring her lunch from her stepfather, J. W. Crook—he being a tenant of said defendant and in charge of said mill property,—and for the purpose of accompanying said J. W. Crook to her home." The porch floor-sills, supporting the cover, shed, or roof, had rotted and sunk away for a distance of 6 or 8 inches, and the post supporting the cover or shed at the right-hand corner was rotted away at its base, and the post next to the corner of the left-hand end of said porch had settled through the base supporting it, allowing said cover, shed, or roof to settle down and pull loose from the building to which it was nailed. A part of said porch and shed was condemned by the council of the Town of Roswell, and the marshal of said town, during the month of March, 1910, notified the defendant of such condemnation and directed him to repair or remove said porch floor and cover, which he failed and refused to do. He had

knowledge of the defective condition of said porch and roof, and failed to repair them, thereby causing the death of the child. Neither the plaintiff nor the child had knowledge of the defective condition of the porch or shed. The value of the services of said child is alleged at $25 per month. "Petitioner shows further, that she was partially dependent upon her said minor child for support, and that said minor child contributed to her support; that she was entitled in law to the services and contribution of said minor child."

The defendant filed a general demurrer to the petition, upon the ground that it set forth no cause of action. The court sustained the demurrer and dismissed the action. To this judgment the plaintiff excepted.

*T. B. Higdon* and *Clay & Morris,* for plaintiff.

*J. Z. Foster* and *D. W. Blair,* for defendant.

Beck, J. (After stating the foregoing facts.) The plaintiff bases her right of action upon § 4424 of the Civil Code of 1910, which provides: "A mother, or, if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child."

1. In the petition it is alleged that the plaintiff "was partially dependent upon her said minor child for support, and that said minor child contributed to her support; that she was entitled in law to the services and contribution of said minor child." As against a general demurrer, this is a sufficient allegation that the mother was dependent upon the child, and that the child contributed to her support; which are the conditions provided in the statute upon which a mother may recover for the tortious homicide of a minor child. *Central Railway Co.* v. *Henson,* 121 *Ga.* 462 (49 S. E. 278); *Atlantic Coast Line R. Co.* v. *McDonald,* 135 *Ga.* 635 (70 S. E. 249). See also *Fuller* v. *Inman,* 10 *Ga. App.* 680 (74 S. E. 287), and cases cited.

The allegation just set forth averred in substance that the mother, at the time of the homicide, was partially dependent upon the minor child for support, and that the child then contributed to her support; and in this respect the case in hand is clearly different from that of *Smith* v. *Hatcher,* 102 *Ga.* 158 (29 S. E. 162), as will be readily seen upon a comparison of the allegations of the petition

in the case at bar with the facts appearing in the record of the *Hatcher* case.

2. Whether or not the allegations of the petition are sufficient to show that the defendant owed such a duty to the child as would render him liable in damages for her homicide, on account of his permitting the porch and the supports thereof to be in their alleged dangerous condition, in case it had appeared from the petition that the defendant himself, the owner of the mill property, was actually in possession and control of the premises, it is not necessary to decide. If the owner had been in possession and control of the premises, the question just indicated would necessarily have been an issue under the pleadings, as would also the important but subsidiary question as to whether the decedent was there as a licensee or upon the implied invitation of the owner, so as to make the owner liable for his negligence in failing to keep the premises in such a state of repair as not to jeopardize any one coming there as a licensee or upon the invitation of the owner. But it does not appear that the owner was in possession and control of the premises; nor can that fact be inferred from the mere fact of ownership; for it is alleged that the stepfather of the child was a tenant of the premises of the mill property and in charge of the same. And therefore it only remains to be determined whether or not, although not at the time of the homicide in possession and control of the premises, there was any liability upon the defendant's part growing out of his relation of owner of the property and landlord to the tenant thereof. Section 3694 of the Civil Code of 1910 provides that the landlord "is responsible to others for damages arising from defective construction, or for damages from failure to keep the premises in repair." In the case of *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578), it is said: "A landlord is not an insurer, but he is under a legal duty to keep the rented premises in repair, and is liable in damages to a person who receives injury while lawfully upon the premises and who is in the exercise of due care, if the injury arises because of the defective construction of a building erected on the premises by the landlord, or because of his failure to repair defects of which he knows or in the exercise of reasonable diligence ought to know. Civil Code, § 3118; *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 [38 S. E. 204]; *Stack* v. *Harris,* 111 *Ga.* 149 [36 S. E. 615]." In the present case failure to repair defects after notice of the ex-

istence of the same is alleged. And there is nothing in the alleged facts to show that the child who was killed was not lawfully upon the premises at the time. The tenant in possession and control of the mill property, J. W. Crook, was the stepfather of Gladys Martin, the deceased. She went to the place at which she was killed for the purpose of waiting for her stepfather, procuring lunch from him, and accompanying him home; and it would seem that argument is not necessary to show that the presence of the child who went to the mill to procure lunch from her stepfather, she being a member of his family, was perfectly right, proper and lawful; and her presence upon the porch being lawful, the landlord, the owner of the premises, would be liable for injuries sustained by her while there, which resulted from the landlord's negligent failure to repair the defects of which he had had sufficient notice.

3. It is contended by counsel for defendant that from the allegations in the petition it appears that the child, at the time she was killed, was in the custody of her stepfather, and had been placed there by her mother, the petitioner, and that the stepfather had full knowledge of the defects in the porch which rendered its condition dangerous to any one being thereon, and it was his fault that caused the child's death; and that being true, this plaintiff can not recover, under the ruling in the *Gravitt* case, where it was held, that it being the imperative legal duty of a father (in the instant case the father was dead and the mother had authority over the child) to guard and shield his child from injury, if he delegates that duty to another he is legally responsible for the conduct of that other, whose every act is in legal contemplation the act of the father himself; and if the child, so entrusted to another as a custodian, by reason of the negligence of the custodian is injured and killed, such negligent conduct is imputable to the father himself, and he should not be allowed to profit by the results of the negligence of the custodian. *Atlanta &c. Air-Line Railway Co.* v. *Gravitt*, 93 *Ga.* 369, 382 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145). But we do not think that it can be said that the allegations of the petition, considered altogether, show that the child had been placed in the custody of her stepfather by her mother, so as to destroy the right of action on the ground that the custodian whom the mother had selected knowingly took the child to a place of danger.

The case should not have been dismissed upon general demurrer,

but the liability of the defendant as owner and landlord should have been tested under such evidence as might be brought by the parties at issue to show liability or non-liability.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*