## 13537. SMITH *v.* JEWELL COTTON MILL COMPANY.

1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Civil Code (1910), § 4420. But "there is a clear distinction between a 'license' and an 'invitation' to enter premises, and an equally clear distinction as to the duty of the owner in the two cases. An owner owes to a licensee no duty as to the condition of the premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril, or willfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation." *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607, 611 (58 S. E. 1060); *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161, 165 (59 S. E. 442); *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717, 720 (97 S. E. 112); *Beehler* v. *Daniels,* 18 R. I. 563, 565 (27 L. R. A. 512; 49 Am. St. R., 790; 29 Atl. 6).

2. An invitation may be implied by a dedication, or may arise from known customary use, and it may be inferred from conduct, if notorious or actually known to the owner or his authorized representative, or from any state of facts upon which it naturally and necessarily arises. Glaser v. Rothschild, 221 Mo. 180 (120 S. W. 1, 22 L. R. A. (N. S.) 1045, 1047, 17 Ann. Cas. 576); Drennan v. Grady, 167 Mass. 415 (45 N. E. 741); Lawrence v. Kaul Lumber Co., 171 Ala. 300 (55 So. 111, 113). Such an invitation may cover the right as an invitee to be protected by the ordinary care of the owner *not only upon such portions of the premises as may be necessary for mere ingress and egress, but upon those parts which are necessary or incidental to the mutual business or purposes of the invitation.* Cen. of Ga. Ry. Co. v. Hunter, 128 *Ga.* 600, 606 (58 S. E. 154); Glaser v. Rothschild, supra; Ryerson v. Bathgate, 67 N. J. L. 337 (51 Atl. 708, 57 L. R. A. 307). But the invitee *may not wander at will, without further invitation, to out-of-the-way or dangerous places on the premises, or use parts thereof for purposes wholly disconnected from and in no way pertaining to the*

business in hand or the objects of the invitation; and if in so doing he is injured, the liability of the owner is no greater than to a mere licensee. *Seward* v. *Draper*, 112 *Ga.* 673, 675 (37 S. E. 978); *Knowles* v. *Central of Ga. Ry. Co.*, 118 *Ga.* 795 (45 S. E. 605); Glaser *v.* Rothschild, supra; Parker *v.* Portland Cement Co., 69 Me. 173 (31 Am. R. 262, 265); Pierce *v.* Whitcomb, 48 Vt. 127 (21 Am. R. 120). Thus, under the principle just stated, while it is true that " one who hauls his cotton to be ginned at a public ginnery is not a mere licensee, and may recover for damages when injured on the premises by the owner's negligence, even though they are not willfully and recklessly inflicted " (*Horton* v. *Harvey*, 119 *Ga.* 219, 46 S. E. 70; *Atlanta Cotton Seed Oil Mills* v. *Coffey*, 80 *Ga.* 145, 148, 4 S. E. 759, 12 Am. St. R. 244), the defendant here could not ordinarily be held liable for the alleged fatal injury to the deceased, received while in the boiler-room, since his presence there would not ordinarily be taken as covered by the implied invitation of the ginnery to customers to transact its usual business; but, in view of the allegations of the amended petition that such part of the ginnery was, by protracted custom and usage, know to the defendant, thus used by the deceased and other customers as a protection from the weather while waiting their turn in the transaction of regular business, it cannot be held as a matter of law that the deceased was a mere licensee at the time and place of the injury. The question as to his status was one for the jury to determine under the evidence. It was therefore error to sustain the general demurrer to the petition as amended.

DECIDED FEBRUARY 8, 1923.

Action for damages; from Warren superior court — Judge Shurley. April 4, 1922.

Application for certiorari was denied by the Supreme Court.

L. D. McGregor, for plaintiff.    M. L. Fells, for defendant.

JENKINS, P. J. The petition for damages is not based upon any wilful or wanton conduct of the defendant toward the deceased as a trespasser, or as a mere licensee upon the defendant's premises, but is based upon its failure to exercise ordinary care and diligence in keeping the premises safe for the deceased, who at the time of the injury was waiting as a customer for his cotton to be ginned by the defendant ginnery, and while warming in the boiler room on a cold and chilly morning was fatally scalded by an explosion of the boiler through alleged negligence of the defendant. The court sustained a general demurrer to the petition. The only ground argued is that a cause of action was not stated, because the deceased is alleged to have been on a part of the premises not necessary in the transaction of his business with the defendant, and therefore was merely a licensee, as to whom the defend-

ant would not be liable save for willfulness or wantonness. The petition, besides alleging that the deceased was upon the premises for the transaction of regular business with the defendant, awaiting his turn for his cotton to be ginned, alleged also that on account of the weather he "went into the boiler-room of the ginnery of said defendant for the purpose of keeping warm and comfortable,— that it was a custom at said ginnery for customers who had carried their cotton to said ginnery of said defendant to go into said boiler-room in order to keep warm and comfortable while waiting until their cotton carried there for ginning and baling could be ginned and baled by said defendant;" and that five or six other such persons were thus there at the time of the explosion. By an amendment it is further stated, "that the custom and usage alleged above . . . was known to the defendant, or had existed so long that such custom and usage should have been known to the defendant or its agent in charge of said ginnery." It is contended that, even with this amendment, the deceased occupied no other status than that of a mere licensee.

It is not necessary to add anything further to the syllabus.

*Judgment reversed. Stephens and Bell, JJ., concur.*