14131. CROSSGROVE *v.* ATLANTIC COAST LINE RAILROAD CO.

JENKINS, P. J. Plaintiff sued the railroad company in two counts for damages for personal injuries occasioned by the giving way of steps on a dwelling house in which she resided as a member of the family of her father, a section foreman employed by the defendant. The petition as amended alleges that, "as part of the compensation to be paid the said [section foreman], said defendant as owner agreed to furnish to the said [foreman] a house in which to live with his family, in addition to and as part of his employment," and that such house was furnished under said agreement. The only substantial difference in the two counts

is that the first alleges that actual notice of the defective condition of the steps had been given to the defendant's authorized agent; while the second alleges that the defendant, retaining control and supervision of the premises, could or should in the exercise of ordinary diligence have known of and repaired such defect, on account of the specified length of time in which it existed. The defendant demurred to both counts, upon the grounds: that no cause of action was set forth, that no sufficient facts were set forth to show any duty resting on the defendant to the plaintiff out of which any liability could have arisen, and that no sufficient facts were alleged to show what relationship existed between the defendant and the plaintiff. The plaintiff excepts to the sustaining of these grounds of demurrer, and contends that the defendant is liable because the relationship which existed between it and her father as to the premises in question was that of landlord and tenant; and, even if the relationship was only that of master and servant, the defendant is liable to her as its invitee, express or implied, on account of the house being furnished to her father for the use of himself and his family. The petition, in seeking damages on account of the plaintiff's decreased earning capacity as an "office girl," does not show that she was a minor, but so far as indicated she was sui juris at the time of the injury and suit. The case turns upon the determination of the three questions involved: (1) If the allegations of the petition should be taken to indicate that the occupancy of the premises by plaintiff's father and his family was under and by virtue of the contract of master and servant, can the plaintiff recover under the theory that the allegations make her an invitee of the defendant, or is she, under such a theory of the nature of her father's occupancy, precluded from a recovery by reason of occupying the status of a mere licensee of the defendant? (2) If the allegations of the petition should be taken and construed as indicating that the occupancy of the premises by the plaintiff's father and his family arose and continued by virtue of his relationship to the defendant, can the plaintiff recover, as the invitee of her father, either under the actual notice of the defect alleged in the first count to have been given to the defendant, or, even without such notice, under the second count, where the defendant is alleged to have retained a qualified possession and control of the premises? (3) What, under the allegations of the petition, must be taken to have been the nature and character of the occupancy by plaintiff's father, whose invitee she was? It will be noted that, while there is a special demurrer setting forth that the petition fails to indicate "what relationship existed between the defendant and the plaintiff," no demurrer complains of any failure to show the nature of her father's occupancy of the premises. *Held*:

1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises safe." Civil Code (1910), § 4420. But there is a clear distinction between the duty owing to such an invitee and the duty owing to a mere licensee. An owner owes to a licensee no duty as to the condition

of the premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril, or willfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation. *Tarvin* v. *Rome Cooperage Co.*, 143 *Ga.* 596 (85 S. E. 755); *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 611 (58 S. E. 1060); *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161, 165 (59 S. E. 442); *Smith* v. *Jewell Cotton Mill Co.*, 29 *Ga. App.* 461 (116 S. E. 17).

(a) "An invitation of the owner or occupant of premises is implied by law where the person goes on the premises for the benefit, real or supposed, of the owner or occupant, or in a matter of mutual interest, or in the usual course of business, or for the performance of some duty." Middleton v. Ross, 213 Fed. 6 (2), 10 (U. S. C. C. A., from Ga.). To constitute such an invitee, however, there must be some mutuality of interest. Bell v. Houston R. Co., 132 La. 88 (43 L. R. S. (N. S.), 740, 60 So. 129); Elie v. Lewiston Ry., 112 Me. 178 (L. R. A. 1917 C, 104; 91 Atl. 786). A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and who does not stand in any contractual relation with the owner of premises, and who is permitted, expressly or impliedly, to go thereon merely for his own interest, convenience, or gratification. Batten v. Bartlett, 111 Me. 409 (49 L. R. A. (N. S.) 1120, 89 Atl. 375); Midland Valley R. Co. v. Littlejohn, 44 Okl. 8 (143 Pac. 1); Kennedy v. Heisen, 182 Ill. App. 200; Cleveland Ry. Co. v. Powers, 173 Ind. 105 (88-N. E. 1073, 89 N. E. 485); Cleveland Ry. Co. v. Means, 59 Ind. App. 383 (104 N. E. 785, 108 N. E. 375). In the instant petition there is nothing to show an express or implied invitation upon the part of the defendant to the plaintiff to enter upon the premises; and mere permission to do so, without any contractual privity of relationship between the plaintiff and the defendant, or for any purpose either of mutual interest or for the benefit of the defendant, would create no more than the relation of a licensee. The petition, therefore, showed no liability, unless it be under the other theory that the relationship between the plaintiff's father and the defendant was that of landlord and tenant.

2. Members of a tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair. *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578); *Crook* v. *Foster*, 142 *Ga.* 716 (2), 718, 719 (83 S. E. 670); *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 901 (1), 903 (38 S. E. 204); *Roach* v. *LeGree*, 18 *Ga. App.* 250 (89 S. E. 437); *Marr* v. *Dieter*, 27 *Ga. App.* 711 (1) (109 S. E. 532); *Williams* v. *Jones*, 26 *Ga. App.* 558 (2) (106 S. E. 616); 16 R. C. L. 1067. Under the averments of the petition, the plaintiff, as the daughter and a member of the family of her father, was his lawful invitee, regardless of whether she was or was not a minor.

(a) "When the tenant is in the exclusive possession and control of the rented premises, the landlord is under no duty of examining the same with a view to ascertaining whether or not repairs are needed, unless requested so to do." *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 901 (2) (38 S. E. 204); *Stack* v. *Harris*, 111 *Ga.* 149, 150 (36 S. E. 615);

*McGee* v. *Hardacre*, 27 *Ga. App.* 106 (107 S. E. 563). But where the landlord, as is here in effect alleged, " retains a qualified possession and general supervision of his building," he may be held liable for injuries arising from failure to maintain the building in proper repair, even without actual notice of the defect, if, in the exercise of ordinary care, he should have known of it. *Monahan* v. *National Realty Co.*, 4 *Ga. App.* 680 (1), 685, 686 (62 S. E. 127); *Marr* v. *Dieter*, 27 *Ga. App.* 711 (2) (109 S. E. 532); *Davis* v. *Hall*, 21 *Ga. App.* 265, 268 (94 S. E. 274); *Augusta-Aiken Ry. Co.* v. *Hafer*, 21 *Ga. App.* 246 (94 S. E. 322). Since the first count of the petition alleges that the defendant, through its authorized agent, was given actual notice to repair the defective condition of the steps, and the second count alleges that it had retained a qualified possession and control of the premises and had constructive, if not actual, knowledge of the defect, the plaintiff might recover under either theory, provided the allegations show prima facie that the relationship of landlord and tenant existed between the plaintiff's father and the defendant.

3. " It is possible for one to be a servant, and at the same time a tenant of his master. He may have a contract of employment, and also a contract to rent a dwelling or parcel of land. If so, his right to retain possession of the premises, or to require a proceeding to remove him as a tenant, depends on the contract involved." If the occupancy is required expressly or impliedly by the employer, for the necessary or better performance of the service, and is subservient and not merely casual to the performance or better performance of the duties of the servant's employment, the relation of landlord and tenant does not exist (*Mackenzie* v. *Minis*, 132 *Ga.* 323 (4), 330 (63 S. E. 900, 23 L. R. A. (N. S.) 1003); *Marshall* v. *Matthews*, 149 *Ga.* 370 (1) (100 S. E. 103); but a servant whose occupancy is independent of his employment in the sense that it is not subservient thereto, even though liable to be terminated by the dissolution of the contract of employment, is a tenant at will. 1 Labatt's Master & Servant (2d ed.), 276. The occupancy is not that of a servant merely because it may be in some way connected with or convenient for the performance of the contract or the duties of the employment; but in order to render it such, the occupancy must be reasonably necessary for the better performance of the particular service, inseparable therefrom, or required by the master as essential thereto. 1 Labatt's Master & Servant, 281-294; 4 L. R. S. (N. S.), case note, 707-726.

(*a*) " While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts in such a case, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action." *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (108 S. E. 311), and cases

cited. Since the facts set forth by the petition are sufficient to indicate prima facie the status of a tenant on the part of the plaintiff's father, and since no contrary allegations are made such as would indicate that the occupancy was reasonably necessary for the better performance of the particular service contracted for, or had been required by the defendant as essentially necessary thereto, the plaintiff should have been allowed to prove his case on the theory of liability based upon such a relationship. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 25, 1923.

Action for damages; from city court of Thomasville — Judge W. H. Hammond. October 30, 1922.

*Titus & Dekle,* for plaintiff.

*J. H. Merrill, Louis S. Moore, Bennet & Branch,* for defendant.