22347.  COFFER *et al. v.* BRADSHAW.

Decided December 8, 1932.

146

*Smith, Hammond, Smith & Bloodworth, William H. Smith,* for plaintiffs in error.

*Harwell, Fairman & Barrett,* contra.

SUTTON, J. (After stating the foregoing facts.) These defendants contend that the petition does not show any liability on their part, and that they failed in the performance of any duty required of them as employees of Swift & Company to the petitioner. They base their contention upon two propositions. The first is that their failure to perform certain things, charged in the petition as negligence on their part, were mere acts of nonfeasance on their part, for which they would not be liable, instead of acts of misfeasance, and that they, as employees of the corporate defendant, the owner of the mills and premises, were not required to use ordinary care to keep the premises safe; and, secondly, that the petition does not show that they were negligent in any manner, and that the petitioner was injured at a place on said premises where he had no right to be and was a mere licensee at the time he was injured.

"An agent is not ordinarily liable to third persons for mere nonfeasance. *Kimbrough* v. *Boswell,* 119 *Ga.* 201 (45 S. E. 977). An agent is, however, liable to third persons for misfeasance. Nonfeasance is the total omission or failure of the agent to enter upon the performance of some distinct duty or undertaking which he has agreed with his principal to do." *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 737 (53 S. E. 244, 110 Am. St. R. 191). As appears from the petition, the only employee of the defendant company who came in contact with petitioner was Bethea, who directed him to go to the hull house and get the hulls. The only way the petitioner links the other employees of the defendant company up with the case is that they failed to see that proper precautions were taken to prevent the injury to petitioner, that they allowed the dangerous trap to exist unguarded, and that they failed to post warning signs at the hull house or elsewhere and failed to keep some one at the hull house to get and deliver hulls to petitioner. The petition sets up that it was their duty as such employees to do these things.

An officer or agent of a corporation is liable in damages for injuries suffered by third persons because of his torts, regardless of whether he acted on his own account or on behalf of the corpora-

tion, and regardless of whether or not the corporation is also liable. He can not escape liability on the ground that in committing the tort he acted as an officer or agent of the corporation, or on the ground that the corporation may also be sued. 14a C. J. 175, 176. The rule which makes officers or agents of a corporation liable for their torts to third persons who suffer injury thereby refers to misfeasance or positive wrong. Idem, p. 177. "Where an agent fails to use reasonable care or diligence in the performance of his duty, he will be personally responsible to a third person who is injured by such misfeasance. The agent's liability in such cases is not based upon the ground of his agency, but upon the ground that he is a wrong-doer, and as such he is responsible for any injury he may cause. When once he enters upon the performance of his contract with his principal, and in doing so, omits, or fails to take reasonable care in the commission of, some act which he should do in its performance, whereby some third person is injured, he is responsible therefor to the same extent as if he had committed the wrong in his own behalf. . . Misfeasance may also involve to some extent the idea of not doing; as where an agent engaged in the performance of his undertaking does not do something which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the rights of others requires. All this is not doing, but it is not the doing of that which is imposed upon the agent merely by virtue of his relation, but of that which is imposed upon him by law as a responsible individual in common with other members of society. It is the same not doing which constitutes actionable negligence in any relation." *Southern Ry. Co.* v. *Grizzle,* supra. A corporation is an artificial person and can only act through its directors, officers, agents, and servants. The oil mill of the defendant corporation was in the complete charge of the demurrants. They constituted its managing agents of that plant. The tortious agent and the corporation for whom he is acting when the tort is committed can be sued in the same action jointly. *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250) ; *Southern Ry. Co.* v. *Grizzle,* supra; *Southern Ry. Co.* v. *Rowe,* 2 *Ga. App.* 558 (6) (59 S. E. 462).

Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any

lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. Civil Code (1910), § 4420. An invitation to use the premises exists where persons enter a public place to trade. *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442). An implied invitation is one which is held to be extended by reason of the owner doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the intents and purposes of the owner. *Smith* v. *Jewell Cotton Mill Co.*, 29 *Ga. App.* 461 (116 S. E. 17). An invitation is implied where the entry on the premises is for a purpose which is, or is supposed to be, beneficial to the owner. *Crossgrove* v. *A. C. L. R. Co.*, 30 *Ga. App.* 462 (118 S. E. 694). A person is an invitee where, for purposes connected with the business conducted on the premises, he enters any place of business, such as a cotton-gin. *Horton* v. *Harvey*, 119 *Ga.* 219 (46 S. E. 70). Besides, in the present case, Bethea, the assistant manager of the oil mill, expressly told the petitioner to go to the hull house for the hulls, and as to this defendant the petitioner was expressly invited to go to the hull house.

While the owner or person in charge of property is not an insurer of the safety of the invitee thereon *(Moone* v. *Smith*, 6 *Ga. App.* 649, 65 S. E. 712), he owes to the invitee the duty of exercising reasonable or ordinary care for his safety *(Atlanta Cotton-Seed Oil Mills* v. *Coffey*, 80 *Ga.* 145, 4 S. E. 759, 12 Am. St. R. 244); *Bass* v. *Southern Enterprises Inc.*, 32 *Ga. App.* 399, 123 S. E. 753), and is liable for injury resulting from a breach of such duty. *Bass* v. *Southern Enterprises Inc.*, supra. The duty in this respect is an active, affirmative, or positive one, and is not limited to merely refraining from injurious acts, although there is also a duty to refrain from any act which may make the invitee's use of the premises dangerous or may result in injury to him. 45 C. J. 825. There is a duty of protection against injury through the negligent acts of the owner or his employees. *Moone* v. *Smith*, supra. The owner or person in charge of the premises owes to invitees thereon the duty of keeping the premises in a reasonably safe and suitable condition, so that those invited to enter thereon shall not be unnecessarily or unreasonably exposed to danger, and is therefore liable for injuries received by invitees as a result of a dangerous

condition of the premises. *Wynne* v. *Southern Bell Telephone Co.,* 159 *Ga.* 623 (126 S. E. 388) ; *Cuthbert* v. *Schofield,* 35 *Ga. App.* 443 (133 S. E. 303) ; *Crossgrove* v. *A. C. L. R. Co.,* supra; *Southern Paramount Pictures Co.* v. *Gaulding,* 24 *Ga. App.* 478 (101 S. E. 311).

The duty to keep the premises safe for invitees extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended, and at which his presence should therefor reasonably be anticipated, or to which he is allowed to go. *Smith* v. *Jewell Cotton Mills Co.,* supra. The duty to keep the premises safe for invitees extends to any part thereof which one is specifically invited to enter, even though the place so entered is not designed for the use of, or ordinary use of, persons coming to the premises on business. Foley *v.* Hornung, 35 Cal. App. 304 (169 Pac. 705) ; Branham *v.* Buckley, 158 Ky. 848 (166 S. W. 618, Ann. Cas. 1915D, 861). If the invitee does not go beyond that part of the premises to which, as the situation reasonably appears to him, the invitation extends, he can not be held to have become a mere licensee because, as a matter of fact, the purposes of the invitation could have been fulfilled without going on such part of the premises. Clark *v.* American Express Co., 197 Mass. 160 (83 N. E. 365). Under the facts of this case, we can not hold as a matter of law that the petitioner became a licensee when he stepped into the room in the hull house, wherein the hidden trap was located, the door thereto being open and there not being enough cottonseed hulls in the adjoining portion of the hull house where petitioner was to fill his sack.

The duty to keep premises safe for invitees applies to defects or conditions which are in the nature of hidden dangers, traps, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care. Of course it is necessary that the owner of the premises should know of the hidden danger, or by the exercise of ordinary care could have known thereof. *Southern Paramount Pictures Co.* v. *Gaulding,* supra. One must exercise reasonable care to protect persons rightfully upon his premises from traps, pitfalls, or hidden dangers. 45 C. J. 867. A person responsible for a dangerous place of instrumentality must guard, cover, or protect it for the safety of persons

rightfully at or near it, and his failure to do so is negligence, rendering him liable to a person who, without fault on his part, is injured as a result thereof. *Smith* v. *Seawright,* 33 *Ga. App.* 336 (126 S. E. 301). If the owner of land knows that its condition is unsafe, he should give timely warning to persons rightfully there. Bennett *v.* Louisville &c. R. Co., 102 U. S. 577 (26 L. ed. 235). More specifically, an owner of buildings who knows, or in the exercise of reasonable care should know, of their dangerous and unsafe condition, and who invites others to enter upon the property owes to such invitees a duty to warn them of the danger, where the peril is hidden, latent or concealed, or the invitees are without knowledge thereof. *Fulton Ice &c. Co.* v. *Pece,* 29 *Ga. App.* 507 (116 S. E. 57). This rule applies where there are pitfalls or traps on the premises and the owner has knowledge thereof. *Rollestone* v. *Cassirer,* supra.

In view of what is said above, we are of the opinion that the petition in this case set forth a cause of action against the demurrants, and that they were properly joined as defendants with the corporate defendant in the suit. It follows that the court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*