27879. WOODHAM *v.* POWELL *et al.,* receivers.

DECIDED FEBRUARY 28, 1940.

*R. S. Wimberly,* for plaintiff.
*Dykes, Bowers & Dykes, G. Y. Harrell,* for defendants.

GUERRY, J. This is an action by a mother for the homicide of her three-year-old child. She sues for loss of the services of the child. At the conclusion of the plaintiff's evidence the court granted a nonsuit on the ground that the evidence introduced was insufficient to support a recovery. Plaintiff filed a motion to reinstate the case on what are in effect the ordinary general grounds of a motion for new trial, together with a brief of the evidence in-

troduced at the hearing. Plaintiff excepts to the order denying her motion to reinstate.

■ A motion to dismiss the writ of error is filed on the ground that the motion to reinstate was in effect a motion for new trial, because it complained that the evidence would have supported a verdict for the plaintiff, and that a judgment on a motion to reinstate is based on the exercise of a sound legal discretion of the trial judge and there is no appeal therefrom unless such discretion has been abused. This motion is denied. "Where a nonsuit has been granted, the losing party may either bring his case to the Supreme Court by writ of error, or may, during the term of the trial, move to reinstate the case, and from a refusal of that motion, properly made, may bring the case to this court." *Aiken* v. *Peck*, 72 *Ga.* 434; *City of Atlanta* v. *Jenkins*, 137 *Ga.* 454 (73 S. E. 402); *Walker* v. *Central of Georgia Railway Co.*, 47 *Ga. App.* 240 (5) (170 S. E. 258).

■ A careful reading of the evidence convinces us that the court did not err in granting a nonsuit. Although the evidence may have been sufficient to authorize a finding that the defendant company was negligent in the speed at which the engine was being operated at the crossing, it also shows that the plaintiff, the mother of the child, had crossed the railroad track at or near the depot to get some water from a well. She heard the train blow for the crossing when she was at the well and knew it was coming. It was on its regular schedule with which she was acquainted. The child left the well ahead of her mother, going back across the tracks. The mother did not hold the child's hand, although she did sometimes when she was crossing the railroad and knew how important it was to guard the child. When she saw the child going towards the crossing and knew the train was coming she tried to catch her. At that time the train was just a short distance from the crossing, and the child ran in front of the engine just as it reached the crossing. The mother made no effort to keep the child with her or to hold her hand, or otherwise restrain her, until the train was almost on the crossing. She then tried to stop her, but the child ran in front of the train and was killed.

The mother here is suing for the loss of the child's services. "In such case, negligence on the part of the child's parent or custodian may utterly defeat a recovery. The reason for this is apparent,

and has been uniformly recognized and sanctioned. It rests upon the broad ground of common justice, that one whose negligence has brought about a calamity to a little one whom he is legally bound to watch over and protect from injury, can not be allowed to profit by the results of his own inexcusable, if not criminal, neglect and misconduct." *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369, 381 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145) ; *Stamps* v. *Newton County,* 8 *Ga. App.* 229 (68 S. E. 947).

We think it clear from the evidence that no right of action would have arisen as against the railroad company if the mother herself had been killed at the crossing. She knew the train was coming, whether or not she could see it because the depot was between her and the train. She knew its schedule, heard it blow, and knew of its approach. If, with knowledge of these facts, she had waited until it was almost upon the crossing and had then run in front of it and had been injured, she would have been barred by her own negligence and lack of care. The three-year-old child was in her immediate care and presence. The action of the child was her action here, and her failure, at a time and place which she knew were dangerous, to have it where she could control and direct its movements, was, as a matter of law, such lack of ordinary care as would prevent a recovery for her own benefit, conceding that the defendant company was negligent in the speed of the train at the time. The mother by the use of ordinary care could have easily avoided the consequences of such negligence, for she had full notice of the approach of the train. The court did not err in refusing to reinstate the case after the grant of the nonsuit.

Under the view we take of the evidence it becomes unnecessary to pass on the judgment sustaining certain demurrers to allegations of negligence. The result would not have been different if the demurrers had been overruled.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*