20006. ANDERSON *v.* COOPER, by Next Friend, *et al.*
20007. SCARBORO ENTERPRISES, INC. *v.* COOPER, by Next Friend, *et al.*

Argued April 14, 1958—Decided May 7, 1958—Rehearing denied June 4, 1958.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error (case No. 20006.)

*M. Cook Barwick, Wilson, Branch & Barwick, Thomas S. Bentley, Sarah Frances McDonald, B. Hugh Burgess,* contra.

*B. Hugh Burgess, Sarah Frances McDonald,* for plaintiff in error (case No. 20007.)

*Wilson, Branch & Barwick, Thomas S. Bentley, T. J. Long, Ben Weinberg, Jr.,* contra.

WYATT, Presiding Justice. 1. The question which primarily moved this court to grant the application for certiorari was whether the injured child, under the circumstances of this case, was an invitee or a licensee. The Court of Appeals held the child to be an invitee. While we agree with that decision, the

opinion of the Court of Appeals contains language which we believe to be subject to misconstruction which might lead to a misunderstanding as to the duty of the courts of this State in considering, following, and construing the enactments of the General Assembly. For this reason, we have decided to elaborate upon what was said by the Court of Appeals in its opinion in this case.

While the Court of Appeals has had occasion in a number of cases to consider the question here involved, the question presented is apparently one of first impression in this court. No case in the Supreme Court has been cited to us, and we have found none, involving this exact question. The focal point of the various contentions of all the parties in this case is Code § 105-402, which defines a licensee and reads as follows: "Licensees; definition; liability for injuries to.—A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience, or gratification. The owner of such premises is liable to a licensee only for wilful or wanton injury."

One point with reference to the above-quoted Code section upon which all parties agree is that this section is plain and unambiguous. Applicants for certiorari devote some considerable argument to this effect. They insist that, when a Code section is clear and unambiguous, it needs no construction, and the court is bound to follow the words of the statute regardless of any intention the legislature might have had in adopting the statute. With all of these conclusions we are in complete agreement. This court has consistently held that, "Where the act is plain, unambiguous, and positive, and is not capable of two constructions, the court is not authorized to construe the act according to the supposed intention of the legislature." *Floyd County* v. *Salmon*, 151 *Ga.* 313, 315 (106 S. E. 280). See also *Fidelity & Casualty Co.* v. *Whitaker*, 172 *Ga.* 663 (158 S. E. 416); *New Amsterdam Casualty Co.* v. *McFarley*, 191 *Ga.* 334 (12 S. E. 2d 355). The reason for this rule is well stated in *Strawbridge* v. *Mann*, 17 *Ga.* 454, 458, where it is said: ". . .

And in my opinion, the rule of rules in the interpretation of Statutes, is to follow the words, if their meaning is plain. This rule, it is true, I should feel myself at liberty to depart from, in the case of some old English Statutes, and some Statutes of our own which pursue old English Statutes, such as the Statute of Frauds and Statutes of Limitation; and in the case of a few other Statutes with respect to which, as with respect to those named, a different rule has been used so long as to have become as well known as the words of the Statutes, and to have been recognized in various ways by the legislative power as the true rule.

"But as a general thing, with respect to the Acts of our own Legislature, I should feel myself rigorously bound down to the words. The words of those Acts are what the great majority of the people of the State shape their actions by. It is the words only, that are published to them—and when, after they have followed the words of the law, they are told by the Courts that they have not followed the law, they feel, that for them, the law has been turned into a snare. And it is difficult to say that they have not the right so to feel." These reasons are as valid today as they were in 1885 when they were given. The same rules apply to Code sections adopted by the legislature. *Atlanta & W. P. R. Co.* v. *Wise*, 190 *Ga.* 254 (9 S. E. 2d 63).

Therefore, since it is agreed that we are dealing with a plain and unambiguous statute, it is not necessary to search for any intention the legislature might have had in adopting it. It is only necessary to follow the words of the Code section. The applicants contend that it is clear that the injured child in this case is neither a "customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises," and that, therefore, he is a licensee under Code § 105-402. This argument completely overlooks the last half of the definition of a licensee, which is just as much a part of the definition as the first half, and the portion to which the courts have attached the greater significance. Even if it is admitted, for the purpose of discussion, that the child in question was in none of those classes listed in the above Code section, he is also not one who is "permitted expressly or impliedly to go thereon

merely for his own interest, convenience, or gratification." Obviously this can not be ignored, and just as obviously, when it is considered, the injured child in this case is not included in the definition because the child did not go on the premises in question merely for his own "interest, convenience or gratification." He did go on the premises for the benefit of the occupant and his father. It must be remembered that the section in question does not attempt to define an invitee, but simply says that one who fits the description contained therein, is a licensee—and he must fit the entire description. Otherwise, he is something other than a licensee, and the court must look elsewhere to determine the status of such a person.

Applicants, however, even though they argue strenuously that the Code section is plain and unambiguous, insist that the section was codified from *Petree* v. *Davison-Paxon-Stokes Co.*, 30 *Ga. App.* 490 (118 S. E. 697); and that, when a Code section is codified from a case, the section should be construed in the light of that case. Without deciding whether or not the result would be different if the *Petree* case were considered, the rule which the applicants seek to invoke is a rule of construction, and is to be applied only when a statute is in need of construction and not when a statute is plain and unambiguous. The statute in the instant case is plain and unambiguous, and is admitted by the applicants to be so, and the rule of construction which it is sought to apply to the statute is not applicable for the reason already stated in this opinion.

Since it has been held above the child in question was not a licensee under Code § 105-402, it becomes necessary to determine whether or not he was an invitee. To constitute one an invitee, he must have entered upon the premises either by express or implied invitation of the owner or occupier of the premises. *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143 (167 S. E. 119); Code § 105-401. "An implied invitation is one which is held to be extended by reason of the owner doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the intents and purposes of the owner. . . An invitation is implied where the entry on the premises is for a

purpose which is or is supposed to be beneficial to the owner." *Coffer* v. *Bradshaw,* supra (p. 148); *Crossgrove* v. *A. C. L. R. Co.,* 30 *Ga. App.* 462 (118 S. E. 694).

"An invitation may be implied by a dedication, or may arise from known customary use, and it may be inferred from conduct, if notorious or actually known to the owner or his authorized representative, or from any state of facts upon which it naturally and necessarily arises." *Smith* v. *Jewell Cotton Mill Co.,* 29 *Ga. App.* 461 (2) (116 S. E. 17). This ruling has been limited by later decisions, so that, "To come under an implied invitation as distinguished from a mere license, the visitor must come upon the premises for the benefit, real or supposed, of the owner or occupant, or in a matter of mutual interest, or in the usual course of business, or for the performance of some duty." *McCall* v. *McCallie,* 48 *Ga. App.* 99 (8) (171 S. E. 843).

It therefore appears that the determining question as to whether a visitor is an invitee by implication or a licensee is whether or not the owner or occupant of the premises will receive some benefit, real or supposed, or has some interest in the purpose of the visit. Applying this test to the injured child in the instant case, it is clear that he occupied the position of an invitee. It is obvious that, under the allegations of the petition, the occupant in the instant case received a real benefit and had a real interest in permitting a child to accompany his father who went into the premises for the purpose of purchasing bakery products. Unless the parent in this case had been permitted to take his child into the bakery shop with him, the occupant would have lost an opportunity to make a sale, since certainly a parent with the slightest prudence would not have left a nine months' old child alone on the sidewalk while he went into the shop to purchase bakery products. He would, instead, have passed the bakery shop by. This is a customary use of the premises and is conduct on the part of parents which the occupant was bound to have known (*Smith* v. *Jewell Cotton Mill Co.,* 29 *Ga. App.* 461, supra), which—coupled with a very real benefit and interest to the occupant (*McCall* v. *McCallie,* 48 *Ga. App.* 99, supra), that is, an opportunity to make a sale which otherwise he would have lost—is sufficient to raise an

implication of invitation and constitute the child, under the allegations of the petition, an invitee, and entitled to the protection the law gives to an invitee.

*Judgment affirmed. All the Justices concur, except Almand, J., who dissents.*