Ramsey, a Minor, Appellant, *v.* Village of Piketon et al., Appellees.

(No. 222—Decided December 2, 1961.)

*Mrs. Mary Nicholson Snyder, Mr. James C. Britt* and *Mr. Willis E. Wolfe, Jr.,* for appellant.
*Mr. R. A. Malrick,* for appellee village of Piketon.
*Mr. David L. Barrett,* for appellee Robert T. Lynch.

Collier, J. This appeal on question of law is directed to the ruling of the Common Pleas Court of Pike County sustaining the separate demurrers of the defendants to a third amended petition filed herein and a dismissal of the action, as the plaintiff refused to plead further.

The third amended petition reads, in substance, that the plaintiff is a minor, seven years of age, and the action was brought on her behalf by Harold Ramsey, her father, for damages for personal injuries; that the defendant village of Piketon is a municipal corporation, and on July 27, 1958, maintained

a water line in Thornton Drive to the residence of the defendant Robert Lynch; that the defendant village maintained a water valve in such water line in the yard of the defendant Lynch about two feet under the surface; that a six-inch tile was placed over the water valve and extended vertically from the water line to a point several inches below the surface of the ground; that the six-inch tile which afforded access to the water valve was uncapped, unguarded and unprotected; that the grass growing in defendant Lynch's yard caused the tile to become invisible and beyond discovery; that prior to July 27, 1958, the plaintiff was accustomed to and did play in the front yard of the defendant Lynch with his consent and permission; that prior to that date the defendants had actual knowledge of the condition of the open tile housing, but failed, neglected and refused to cap, guard or otherwise protect this condition; and that on such date the plaintiff in her play stepped into the tile and thereby sustained the injury of which she complains.

The single question of law to be determined on this appeal is whether the trial court erred in sustaining the separate demurrers of the defendants to plaintiff's third amended petition. In considering the duty of the owner of premises to persons who may enter thereon, the law classifies such persons as trespassers, licensees and invitees. A licensee is a person who goes upon the lands of another by permission and acquiescence, for his own pleasure, convenience, or benefit, and not by invitation. 39 Ohio Jurisprudence (2d), 566, Section 53; *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176.

The plaintiff in the instant case was a licensee. The question of the liability of a land-owner to a licensee for damages for injuries sustained on the owner's premises has been the subject of much litigation, but in Ohio the two leading cases are: *Railroad Co.* v. *Harvey,* 77 Ohio St., 235, and *Hannan* v. *Ehrlich, supra.* In the *Harvey case, supra,* the first paragraph of the syllabus reads:

"1. It is not the duty of the occupier of land to exercise care to make it safe for infant children who come upon it without invitation but merely by sufferance."

And, paragraphs four and five of the syllabus of the *Hannan case, supra,* read:

"4. A licensee takes his license subject to its attendant

perils and risks, and the licensor owes him no duty except to refrain from wantonly or willfully injuring him and to exercise ordinary care after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions.

"5. The foregoing rule is not altered by the fact that the injured person is a child of tender years."

In the recent case of *Brown* v. *Rechel*, 108 Ohio App., 347, in which the author of this opinion participated, many of the Ohio cases on this subject are reviewed. In that case it was held:

"3. The possessor of lands owes no duty to a licensee to warn or to employ care to protect him from ordinary risks incident to the condition of the premises, even though such licensee is a child so immature as to be unable to appreciate danger, where his presence upon the land is solely for the licensee's own purpose. With respect to such hazards, a licensee who comes on another's land for his own benefit and advantage, must assume the risk and take the premises as he finds them."

Plaintiff apparently relies upon the allegation of negligence by the defendants in maintaining the open tile as a hidden danger or pitfall, as referred to in the *Hannan case*. Plaintiff alleges that the defendants failed to guard or protect the open tile. In the case of *Chadwick* v. *Ohio Collieries Co.*, 31 Ohio App., 311, the late Judge Mauck of this court disposed of this identical question. On page 316, Judge Mauck said:

"* * * When the *Hannan case* recognizes possible liability for pitfalls and obstructions, we conclude that it means such pitfalls, etc., as are due to the active negligence of the licensor, and that a mere failure to do something that might obviate the danger to the licensee creates no liability. The hidden dangers, pitfalls, and obstructions, referred to in the *Hannan case*, that might result in liability to the licensee, consequently mean dangers of that character arising through the active, and not the passive, negligence of the licensor."

In the *Chadwick case* it was alleged that the defendant operated a coal mine and in connection therewith maintained a bath house on its premises; that a hot water line leading to the bath house became broken, and the escaping hot water formed a pool in a path on defendant's premises, which path the plaintiff and others were permitted to use as a passageway

156

from the public road to their residence; and that the plaintiff, having no knowledge of the pool and being unable to see it on account of darkness, stepped into the pool and was severely scalded. The trial court sustained a demurrer to the petition, and, in affirming this ruling, Judge Mauck said, further:

"* * * What the plaintiff charges is that, after the pipes were severed and an accumulation of hot water had formed, the defendant did *not* give warning thereof, and did *not* erect any barrier or guard around the pool * * *. None of these pleas charge active neglect. * * *"

The same is true in the instant case. The plaintiff pleads inferentially that the defendants did not provide plaintiff with a safe place to play and failed to give plaintiff warning of the uncapped and unguarded tile. The defendants owed the plaintiff no such duty. There is no allegation of active negligence against the defendants.

The court was right in sustaining the demurrers and the judgment must be, and hereby is, affirmed.

*Judgment affirmed.*

RADCLIFF, P. J., and BROWN, J., concur.