## 42094. HANDIBOE v. McCARTHY.

FRANKUM, Judge. 1. "An implied invitation is one which is held to be extended by reason of the owner doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the intents and purposes of the owner. *Smith v. Jewell Cotton Mill Co.,* 29 Ga. App. 461 (116 SE 17). An invitation is implied where the entry on the premises is for a purpose which is, or is supposed to be, beneficial to the owner. *Crossgrove v. Atlantic C. L. R. Co.,* 30 Ga. App. 462 (118 SE 694). A person is an invitee where, for purposes connected with the business conducted on the premises, he enters any place of business. . . *Horton v. Harvey,* 119 Ga. 219 (46 SE 70)." *Coffer v. Bradshaw,* 46 Ga. App. 143, 148 (167 SE 119). See also *Anderson v. Cooper,* 214 Ga. 164, 168 (104 SE2d 90). "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. . ." *Code* § 105-402. Applying the foregoing definitions, a 4-year-old child, though permitted "almost daily" for a period of more than 2 years to call upon and play with the 4-year-old son of the owner or occupant of real property, does not, in so doing, enter onto the premises for any purpose connected with the business of the owner or occupant or for any purpose beneficial to the owner or occupant, and, therefore, he does not, by virtue of such permissive play, even though known to the owner or occupant, enter onto such premises as an invitee of the owner or occupant of the premises, but is, as to such owner or occupant, merely a licensee. *Leach v. Inman,* 63 Ga. App. 790 (1, 2) (12 SE2d 103); *Henderson v. Baird,* 100 Ga. App. 627, 631 (1) (112 SE2d 221). The mere fact that such child is an infant of tender years and unable to appreciate the danger of a par-

ticular situation as readily as would an adult does not alter the relation of the parties nor render the owner or occupant liable to him where he otherwise would not be liable. *Atlanta & W. P. R. Co. v. West,* 121 Ga. 641 (49 SE 711, 67 LRA 701, 104 ASR 179). And see Ramsey v. Village of Piketon, 115 Ohio App. 153 (184 NE2d 482).

2. As to licensees no duty devolves upon the landowner or occupant to keep the premises up to any particular standard, and the owner generally is liable to such licensee only for wilful and wanton injury to him. *Cook v. Southern R. Co.,* 53 Ga. App. 723, 724 (1) (187 SE 274); *Code* § 105-402. While it is true that the owner or occupant of property owes a duty to a licensee whose presence is known to him to exercise ordinary care to avoid injuring him, this duty does not arise with respect to a mere dangerous statical condition of the premises, and as to such the owner or occupant owes no greater duty to the licensee whose presence is known than to any other licensee, and this is, as stated above, merely not to wilfully or wantonly injure him. *Henderson v. Baird,* 100 Ga. App. 627, supra, and citations.

3. Accordingly, where it appears from the allegations of the petition that the plaintiff's infant son had for a period of more than 2 years prior to the occurrence which caused his death visited the premises of the defendant for the purpose of playing with the defendant's son, and that this custom was known to and acquiesced in by the defendant, and that on the day he died the plaintiff's son was visiting with and playing with the defendant's son and another neighborhood child in the defendant's home which was in the sole charge of an adult female servant and employee of the defendant who alone had been left in charge of the defendant's son and the other children there playing at the time, and where one or more doors leading from the defendant's home to an enclosed yard had been left unlocked and where the children were permitted by the aforesaid servant to open the doors and go into the yard where there was a swimming pool containing in the deep end thereof about 3 feet of water and the bottom of which, due to an accumulation of leaves, moss, and other trash and scum, was slippery and slimy, and where the plaintiff's son fell into the pool and was unable to pull himself therefrom and save himself because of the slippery and slimy condition of the bottom, no actionable negligence on the part

of the defendant or his servant is shown by such allegations bearing any causal connection with the presence of the plaintiff's child in the pool.

4. "As a general rule, where the injury is not due to the fault of the person sought to be charged, the fact that a person sees another who is injured does not, of itself, impose on him any legal obligation to afford relief or assistance, but he may have a strong moral and humanitarian obligation to do so." 65 CJS 857, Negligence, § 63 (104). In Georgia this limitation on the liability of one for failure to give assistance has been positively stated. *Thomas v. Williams,* 105 Ga. App. 321, 326 (3) (124 SE2d 409). Therefore, under the allegations of the petition, the failure of the defendant's servant to rescue the plaintiff's child from the perilous situation afforded no cause of action to the plaintiff.

5. The trial court did not err in sustaining the defendant's general demurrer and in dismissing the petition.

*Judgment affirmed. Pannell, J., concurs. Felton, C. J., concurs specially.*

ARGUED JUNE 7, 1966—DECIDED SEPTEMBER 28, 1966—REHEARING DENIED NOVEMBER 2, 1966—

*Pierce, Ranitz & Lee, John F. Ranitz, Jr., Andrew J. Ryan, III,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for appellee.

FELTON, Chief Judge, concurring specially. While I concur with the result reached by the majority, in my opinion the case should be decided on another theory.

A good argument could be advanced in favor of regarding the plaintiff's decedent child as an invitee, on the grounds that he was on the defendant's premises with his knowledge and implied consent and, furthermore, that his presence there was beneficial to the defendant as a playmate for his son. Even conceding that the child was a licensee and that the defendant was not liable for the reasons given by the majority, however, I would not say as a matter of law that the defendant's employee was not guilty of negligence which contributed to the death of the child. "It is the duty of a parent *or other person* having

the care, custody, or control of a child to exercise ordinary care for its safety." (Emphasis supplied.) 67 CJS 749, Parent and Child, § 46. "The fundamental concept in this class of cases [licensees], as in that of trespassers, is of a liability only for wilful or wanton injury; but *it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done."* (Emphasis supplied.) *Atlantic C. L. R. Co. v. Heath,* 57 Ga. App. 763, 771 (196 SE (125). I believe the facts alleged, if proved, might authorize a finding that the defendant's employee was negligent in failing to properly supervise the decedent child, who was under her temporary custody.

"Although there are a few decisions to the contrary, it is established by the decided weight of authority that if the parents of a child intrust it to the temporary custody of another, and the negligence of the custodian contributes' to an accident resulting in injury to the child, such negligence is, on principles of agency, imputed to the parents and has the same effect on their right to recover as if they themselves had been guilty of the negligent act. The same principle applies in death actions. The theory upon which negligence is imputed to the parents in this class of cases is that, having been intrusted with the child by them, the custodian becomes their agent, or, according to some courts, stands in loco parentis or in privity with the parents." 39 AmJur 730, Parent and Child, § 84; 22 AmJur2d 685, Death, § 114; 23 ALR 655, 656, IIa; 2 ALR2d 785; *Atlanta & C. A. L. R. Co. v. Gravitt,* 93 Ga. 369 (3) (20 SE 550, 26 LRA 553, 44 ASR 145) ; *Woodham v. Powell,* 61 Ga. App. 760, 761 (2) (7 SE2d 573) ; *Sarman v. Seaboard A. L. R. Co.,* 33 Ga. App. 315, 318 (1) (125 SE 891) ; *Crook v. Foster,* 142 Ga. 715, 719 (3) (83 SE 670). The above cases recognize the principle that, the father having the custody, management and control of the minor child (*Code Ann.* § 49-102; *Code* § 74-108), the mother's right of action for the child's homicide under *Code Ann.* § 105-1307 (Ga. L. 1887, pp. 43, 45; Ga. L. 1952, p. 54) is not barred by the negligence of a custodian *chosen by the father.* In the present case, however, it is not alleged that the

child's father was the one who intrusted the child to the defendant's employee or consented thereto. Construing the petition most strongly against the pleader, it must be assumed either that the father, if living, had lost this parental power by one or more of the means provided in *Code* § 74-108 or that the plaintiff mother had intrusted the child to the employee herself without the father's consent, in either of which events the custodian's negligence would be imputed to her.